528 So.2d 699 (1988)
Cortez DOUGLAS, Plaintiff-Appellee,
v.
Juanita Dykes DOUGLAS, Defendant-Appellant.
No. 19,891-CW.
Court of Appeal of Louisiana, Second Circuit.
May 4, 1988.
*700 Williams & Williams by Moses Junior Williams, Tallullah, for defendant-appellant.
Samuel Thomas, Tallullah, for plaintiff-appellee.
Before JASPER E. JONES, FRED W. JONES, Jr., and LINDSAY, JJ.
LINDSAY, Judge.
The defendant, Juanita Dykes Douglas, filed an application for supervisory writs, objecting to the trial court judgment granting custody of her minor daughter, Valis, to the plaintiff, Cortez Douglas. On February 11, 1988, this court granted the defendant's writ application and ordered that the record be filed and the case docketed for opinion. For the following reasons we reverse and vacate the trial court judgment.

FACTS
The plaintiff and defendant were married in Louisiana. They physically separated before their daughter was born on March 11, 1982. A judicial separation was granted April 6, 1982 in the Sixth Judicial District Court and custody of the child was awarded to the defendant. Following the separation, the defendant went to Texas to live and the plaintiff moved to California. The defendant left the actual custody of the child with her mother, Beatrice Dykes, in Tallulah, Louisiana.
On July 12, 1985, the defendant obtained a divorce from the plaintiff in Texas. The Texas divorce decree awarded custody of the child to the present defendant, Juanita Dykes Douglas.
On April 29, 1987, the plaintiff filed suit in the Sixth Judicial District Court for a divorce and also sought custody of the *701 child. In his petition, plaintiff stated he was domiciled in California and the defendant was domiciled in Texas.
An attorney was appointed to represent the absentee defendant. The record contains a copy of a letter purportedly sent by the appointed attorney to the defendant. The letter was returned to the attorney as undeliverable due to an insufficient address.
The record does not show service of process upon the attorney who was appointed to represent the defendant. However, the attorney filed an answer and general denial to the plaintiff's petition and then waived his own appearance at the hearings conducted January 28 and 29, 1988.
The record fails to show that any notice of the proceedings was given to the grandmother, Beatrice Dykes, who had actual custody of the child.
The defendant was not present at the hearing which commenced on January 28, 1988. On that date, the trial court heard the plaintiff's testimony and ordered that the child be brought to court after the noon recess. The child and the grandmother were present during the afternoon session of court. After verbal objections by the grandmother that the defendant did not receive notice of the proceedings, plaintiff's counsel and the court agreed to allow the proceedings to remain open until the next morning to allow the defendant to make an appearance. However, the trial court signed a judgment that day granting a divorce and custody of the child to the plaintiff.
The next morning, the defendant filed a petition to annul the trial court judgment which had been rendered the previous day. The defendant also moved for a stay of the proceedings. The motion was denied by the trial court. The defendant's counsel then gave notice of intent to apply to this court for supervisory writs. A writ application was subsequently filed.
In her application for supervisory writs, the defendant argued that the trial court erred in failing to decline jurisdiction in this matter because the parties were not domiciled in Louisiana, that the trial court erred in refusing to set aside the judgment which was signed prior to the conclusion of the trial, and that the court erred in failing to set aside its judgment where the parties entitled to notice were not cited or served with process as required by law.
In her brief, the defendant reasserts the issues argued in connection with the writ application. In addition, she argues that the trial court judgment should be vacated because the court did not have jurisdiction to decide the issue of child custody under the Uniform Child Custody Jurisdiction Act (UCCJA), LSA-R.S. 13:1700, et seq., and because, under the requirements of the UCCJA, there was insufficient notice of the proceedings to the defendant and to the child's grandmother.

JURISDICTION
The defendant has raised two objections regarding the trial court's jurisdiction in this case. First, the defendant claims the trial court lacked jurisdiction to decide the question of child custody under the UCCJA. Second, the defendant argues the trial court lacked jurisdiction to grant a divorce to the nondomiciliary parties.
The plaintiff argues that jurisdiction is determined solely by LSA-C.C.P. Art. 10, subd. A(5) which provides that a court which is otherwise competent under the laws of this state has jurisdiction in a proceeding to obtain the legal custody of a minor if he is domiciled in, or is in, this state.
However, in this case both Louisiana and Texas courts have granted custody of the child to the defendant. When there is a dispute concerning which state properly possesses jurisdiction over a child custody matter, the UCCJA is applied to resolve conflicts.
The UCCJA is applied to interstate custody disputes to avoid jurisdictional competition and conflicts with the courts of other states in matters of child custody and to insure that custody determinations will be made in the state which can best determine the best interest of the child. LSA-R.S. *702 13:1700; Counts v. Bracken, 494 So. 2d 1275 (La.App. 2d Cir.1986).
Because there is a question as to whether Louisiana or Texas properly has jurisdiction over the issue of child custody, the defendant is correct in her assertion that the question of whether the trial court had custody jurisdiction must be determined under the provisions of the UCCJA contained in LSA-R.S. 13:1700 et seq.
LSA-R.S. 13:1702 contains four provisions related to determining whether a court of this state has jurisdiction over a child custody proceeding. It has been suggested that the jurisdictional tests are listed in descending preferential order. Schroth v. Schroth, 449 So.2d 640 (La.App. 4th Cir.1984); Snider v. Snider, 474 So.2d 1374 (La.App. 2d Cir.1985). Determining jurisdiction in this case is complicated by the fact that although the child is physically present in Louisiana, neither of the litigants claiming custody is domiciled here.
The first of the four above mentioned provisions regarding jurisdiction is the "home state" test and provides that jurisdiction is proper in Louisiana if this state is the home state of the child at the time of the commencement of the proceeding or had been the child's home state within six months before commencement of the proceeding. Although at first glance, because the child has lived with her grandmother in this state almost since birth, it might appear that Louisiana is the child's home state, under the statutory scheme, this is not true. LSA-R.S. 13:1701(5) defines "home state" as follows:
(5) "Home state" means the state in which the child immediately preceding the time involved lived with his parents, a parent, or a person acting as parent, for at least six months, and in the case of a child less than six months old the state in which the child lived from birth with any of the persons mentioned. Periods of temporary absence of any of the named persons are counted as part of the six-month or other period.
LSA-R.S. 13:1701(9) defines a person "acting as parent" as a person other than a parent who had physical custody of a child and who has either been awarded custody by a court or claims a right to custody. Here, the grandmother has not been awarded custody, nor does she claim a right to custody.
Therefore, under the facts of this case, Louisiana is not the child's home state because, although she is domiciled here, she has not been living with a parent or person acting as parent.
The second possible source of jurisdiction is a "significant connection" between the minor child and this state. LSA-R.S. 13:1702, subd. A(2) provides:
(2) It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationship; ...
Although the minor in this case has a significant connection with this state by virtue of her domicile here, neither contestant has a similar significant connection as required by the statute.
The third possible source of jurisdiction involves minors abandoned in this state or the existence of an emergency necessitating the exercise of jurisdiction to protect the minor. LSA-R.S. 13:1702, subd. A(3) provides:
(3) The child is physically present in this state and (i) the child has been abandoned or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent ...
Although in his petition for custody the plaintiff made a conclusory allegation that the defendant had abandoned and neglected the child, no such showing of abandonment or neglect appears in this record. Therefore, this provision does not confer jurisdiction upon the courts of this state.
The fourth possible source of jurisdiction relates to a lack of jurisdiction by a court *703 of any other state under the three provisions just discussed and when exercise of jurisdiction by a court of this state would be in the best interest of the child. LSA-R.S. 13:1702, subd. A(4) provides:
(4)(i) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with Paragraphs (1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, (ii) it is in the best interest of the child that this court assume jurisdiction.
In this case, where the child has not lived with either parent in another state, and has always been domiciled in Louisiana, no other state would have jurisdiction over the issue of custody. We are mindful of the defendant's contention that she has a valid custody decree from the state of Texas. However, LSA-R.S. 13:1713(A) provides:
A. If a court of another state has made a custody decree, a court of this state shall not modify that decree unless it appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this Part or has declined to assume jurisdiction to modify the decree and the court of this state has jurisdiction.
It does not appear that Texas ever had jurisdiction over the custody question under the jurisdictional prerequisites of the UCCJA. The record shows that at the time the Texas judgment was rendered, the child was not domiciled in Texas. The record does not show that she was even physically present in Texas. Further, even if the Texas court had jurisdiction at the time the judgment was rendered, it no longer has jurisdiction under the provisions of the UCCJA. Texas is not now the child's home state, the child has no significant connection with Texas, as that term is defined in LSA-R.S. 13:1702, subd. A(2) of the UCCJA, the child has not been abandoned or neglected in Texas nor does it appear that the Texas court would be the proper court to determine the child's best interest. Inasmuch as the child has lived in Louisiana all her life, it appears that this state is the proper forum in which to determine the best interest of this child. Therefore, jurisdiction vests in Louisiana under the provisions of LSA-R.S. 13:1702, subd. A(4). The defendant's argument that the trial court lacked jurisdiction to determine child custody is without merit.
Although not related to the main issue of child custody, the defendant also argues that the trial court was without jurisdiction to grant a divorce between the parties in this case who were not domiciled in this state. The plaintiff alleged in his petition for divorce that he is domiciled in California and that the defendant is domiciled in Texas. The defendant argues under LSA-C.C.P. Art. 10, subd. A(7), that in order for a court of this state to have jurisdiction over a divorce proceeding, at least one of the parties must be domiciled in the state. Under the facts of this case, this argument is meritless.
The parties were domiciled in Louisiana in 1982 when a court of this state entered a judgment of separation in favor of the defendant. It has long been recognized that once a Louisiana court enters a judgment of separation, jurisdiction continues for purposes of granting a divorce even if both parties subsequently leave the state. Lukianoff v. Lukianoff, 166 La. 219, 116 So. 890 (1928). Therefore, because the court in this case had jurisdiction when a judgment of separation was rendered, the court still had jurisdiction to grant a divorce under LSA-R.S. 9:302 based upon living separate and apart following a separation judgment even though the parties were no longer domiciled in Louisiana.
However, as will be explained later, the divorce judgment in this case was not valid because the defendant was not properly served with process in these proceedings. We also note that the defendant filed into the record a copy of her divorce judgment rendered in Texas prior to these proceedings. We here make no determination as to the effect of an exception of res judicata *704 to a Louisiana divorce action if such should be filed by the defendant.

NOTICE OF THE PROCEEDINGS
The defendant also argues that the judgment of the trial court should be overturned because she was not given reasonable notice of the proceedings, nor was reasonable notice given to the minor child's grandmother, Beatrice Dykes, who had actual possession of the child. These arguments have merit.
LSA-R.S. 13:1703 provides that before making a decree under the UCCJA, reasonable notice and an opportunity to be heard shall be given to the contestants, any parent whose parental rights have not been previously terminated, and any person who has physical custody of the child. "Physical custody" means actual possession and control of a child. LSA-R.S. 13:1701(8).
As stated above, Beatrice Dykes had physical custody of the child and was therefore entitled to notice of the child custody proceedings. The record shows that Beatrice Dykes was not given the required notice.
We next consider the issue of notice to the defendant. If any person entitled to notice is outside the state, as was the defendant in this case, notice and an opportunity to be heard must be given pursuant to LSA-R.S. 13:1704 which provides:
A. Notice required for the exercise of jurisdiction over a person outside this state shall be given in a manner reasonably calculated to give actual notice, and may be:
(1) By personal delivery outside of this state in the manner prescribed for service of process within this state; or
(2) By registered or certified mail; or
(3) If the party is a nonresident or absentee who cannot be served by the methods provided in paragraphs (1) and (2) above, either personally or through an agent for service of process, and who has made no general appearance, the court shall appoint an attorney at law to represent him.
If the court appoints an attorney at law to represent the party, all proceedings against the party shall be conducted contradictorily against the attorney at law appointed by the court to represent him. The qualifications and duties of such attorney and his compensation shall be governed by the provisions of Articles 5092 through 5096 of the Code of Civil Procedure.
B. Notice under this Section shall be served, mailed and delivered, or last published at least ten days before any hearing in this state.
C. Proof of service outside this state may be made by affidavit of the individual who made the service, or in the manner prescribed by the law of this state, the order pursuant to which the service is made, or the law of the place in which the service is made. If service is made by mail, proof may be a receipt signed by the addressee or other evidence of delivery to the addressee.
D. Notice is not required if a person submits to the jurisdiction of the court.
An attorney was appointed to represent the absentee defendant. Service upon the attorney-at-law appointed to represent the absentee defendant may be made through personal or domiciliary service. LSA-C. C.P. Art. 1235. Service of process must be made on the attorney appointed to represent a defendant, unless he waives citation and accepts service of process. LSA-C. C.P. Art. 5093. In the instant case, there is no showing that the attorney appointed to represent the defendant was ever served with process or that he waived citation and accepted service.
The attorney appointed to represent the defendant did file an answer and general denial on behalf of the defendant. However, this action did not constitute a general appearance by the defendant. LSA-C.C.P. Art. 7.
Also, when the defendant actually appeared in court the day after the hearing, she did so for purposes of objecting to the court's jurisdiction. Therefore, the defendant has not waived the notice requirements *705 nor has she subjected herself to the jurisdiction of the court.
We also note that attorneys appointed to represent absent defendants are charged with using reasonable diligence to communicate with the defendant and to inform him of the nature and pendency of the proceedings. The record contains a copy of a letter purportedly sent by the attorney appointed to represent the defendant in this case that was returned as undeliverable due to an insufficient address. However, this letter was not filed into evidence. The defendant argues that she never lived at the address to which the letter was sent and also argues that her whereabouts were discoverable by the plaintiff.
It is also interesting to note that the trial court record contains what purports to be a letter from the attorney appointed to represent the defendant waiving his own presence at the hearing in this case.
Because there was no reasonable notice to the defendant and to Beatrice Dykes, who had physical custody of the minor, we must vacate the trial court judgment granting custody of the child to the plaintiff.

CONCLUSION
We find that the trial court had, by virtue of the prior separation judgment, continuing jurisdiction over the nondomiciliary plaintiff and defendant to grant a divorce between these parties based upon living separate and apart following a judgment of separation under LSA-R.S. 9:302.
We also find that Louisiana has jurisdiction over the issue of custody of the minor child, Valis Douglas, born of the marriage between the plaintiff and the defendant.
However, we find that because the defendant and her mother were not given reasonable notice of the proceedings as required by law, and because no proper service was made upon the attorney appointed to represent this absentee defendant, the judgment of the trial court granting custody of the minor to the plaintiff, and granting a judgment of divorce, is vacated.
Therefore, we vacate the trial court judgment awarding custody of the child to the plaintiff and granting a divorce between the parties and remand the case to the trial court for further proceedings in accordance with the law.
WRIT MADE PEREMPTORY. JUDGMENT OF TRIAL COURT VACATED; REMANDED.