563 So.2d 1335 (1990)
Norbert GUIDRY, et ux., Plaintiffs-Respondents,
v.
CAJUN RENTALS AND SERVICES, INC., et al., Defendants-Respondents,
Alabama Insurance Guaranty Association, Defendant-Third Party Defendant-Relator.
No. W89-1198.
Court of Appeal of Louisiana, Third Circuit.
June 27, 1990.
Martin, Taulbee, Terry L. Rowe, Lafayette, for Alabama Ins. Guar. Ass'n.
Domengeaux & Wright, James P. Roy, Lafayette, for plaintiffs-respondents.
Oats & Hudson, Stephen J. Oats, Lafayette, Montgomery, Barnett, Wood Brown, III, New Orleans, Pugh & Boudreaux, James R. Shelton, Hill & Beyer, John K. Hill, Jeansonne & Briney, Craig W. Marks, Lafayette, Sonnier, Hebert, Paul Hebert, Abbeville, Onebane, Donohoe, Graham Smith, Lafayette, for defendants-respondents.
Before GUIDRY, YELVERTON and KNOLL, JJ.
KNOLL, Judge.
The issue before us is whether the trial court was manifestly erroneous in its conclusion that Louisiana courts have personal jurisdiction over the Alabama Insurance Guaranty Association (AIGA), an unincorporated Alabama association whose purpose is to:
"[P]rovide a mechanism for the payment of covered claims under certain insurance policies, to avoid excessive delay in payments and to avoid financial loss to claimants or policy-holders because of the insolvency of an insurer, to assist in the detection and prevention of insurer insolvencies and to provide an association to assess the cost of such protection among insurers."
Alabama Statute Section 27-42-2.
The underlying facts of this litigation, into which AIGA was recently included, are as follows: On October 10, 1984, Norbert Guidry, an employee of Offshore Casing *1336 Crews, Inc., was assigned to unload an 18-wheel flat bed truck which contained oil field equipment. While unloading the equipment, a forklift manufactured by Windham Power Lifts, Inc. allegedly slipped, causing an accident whereby Guidry lost the middle finger on his left hand.
Guidry sued numerous defendants, including Windham Power Lifts and its insurer, Integrity Insurance Company. On March 24, 1987, after years of pre-trial maneuvering, Integrity was placed into receivership by the State of New Jersey. Ultimately, it was determined that under the "Alabama Insurance Guaranty Association Act" AIGA was primarily liable for Integrity's obligations. Guidry then named AIGA as a defendant in this litigation, and co-defendants, Cajun Rentals and Services, Inc., Interstate Fire and Casualty Company, General Agents Insurance Company of America, Bert Broussard d/b/a B & N Repairs, and Nelson Potier d/b/a B & N Repairs, brought third-party demands against AIGA.
In response to the various petitions against it, AIGA excepted to Louisiana's in personam jurisdiction, contending it had no contacts with Louisiana.
The trial court concluded that Alabama Statute Section 27-42-8(a)(2) was applicable. Section 27-42-8(a)(2) provides:
"[The association shall be] deemed the insured to the extent of its obligation on the covered claims and to such extent shall have all rights, duties, and obligations of the insolvent insurer as if the insurer had not become insolvent."
Accordingly, the trial court found that AIGA stepped into the shoes of Integrity, and that since Integrity was subject to suit in Louisiana, AIGA was similarly amenable to suit in this jurisdiction.
AIGA then initiated this writ application. After viewing AIGA's writ application, we ordered the record of this entire proceeding for further examination and briefing. We affirm and remand this matter to the trial court.

DECLINATORY EXCEPTION
AIGA contends that the trial court was manifestly erroneous in denying its declinatory exception of lack of personal jurisdiction.
LSA-R.S. 13:3201 provides that a Louisiana court may exercise personal jurisdiction over a nonresident, either acting directly or through an agent, as to a cause of action arising from any one of several enumerated activities. Only a cause of action arising from acts or omissions enumerated in LSA-R.S. 13:3201 may be asserted against a nonresident. LSA-R.S. 13:3202.
LSA-R.S. 13:3201 is intended to encompass the maximum jurisdictional outreach allowable under the Fourteenth Amendment to the United States Constitution. Fryar v. Westside Habilitation Center, 479 So.2d 883 (La.1985). For reference to the due process requirements, see Fryar, supra, and Superior Supply v. Assoc. Pipe & Supply, 515 So.2d 790 (La.1987), for a full explanation.
From the outset, we note that although AIGA contended it never transacted business in Louisiana, never contracted to supply services or things here, and had not caused injury by offense or quasi-offense e.g., generally had no contacts with Louisiana, it did not provide the trial court with any evidence in support of these contentions. Thus, our first inquiry is whether AIGA carried its burden of proving that its declinatory exception should be maintained.
When the grounds of the declinatory exception do not appear from the petition, evidence may be introduced on the trial of the exception to support any of the objections pleaded. LSA-C.C.P. Art. 930. The party urging the declinatory exception has the burden of offering evidence in support of the exception. Bowman v. Weill Const. Co., 502 So.2d 133 (La.App. 3rd Cir.1987), writ denied, 503 So.2d 495 (La. 1987).
At the trial of the declinatory exception in the case sub judice, the evidence before *1337 the trial court consisted of the original petition, as well as the third-party demands, against AIGA, the declinatory exception of AIGA, and the Alabama Insurance Guaranty Act.
The Guidrys' petition and the various third-party demands allege that AIGA was a foreign insurance corporation which provided liability insurance coverage for Windham Power Lifts, and that it was subject to a direct action. In response, AIGA contended both in the trial court and again on appeal that "[It] cannot be required to prove a negative and, given the absolute lack of evidence which would support the existence of any contacts whatsoever between the AIGA and the State of Louisiana, it is clear that such contacts do not exist." We disagree.
As pointed out in Superior Supply, 515 So.2d at 796 n. 14, the obvious threshold question in jurisdictional cases is whether any contacts or relationships exist which were the foreseeable result of the nonresident's purposeful conduct. In the present case, AIGA has simply failed to carry its evidentiary burden of proof regarding the threshold question relative to the jurisdictional issue presented herein. Until it crosses that hurdle, the burden of proof to establish the negative does not shift to the Guidrys and the third-party plaintiffs. Therefore, we do not reach the merits of AIGA's argument in this writ application.[1]
For the foregoing reasons, the writ granted is recalled and denied. The trial court's judgment denying AIGA's declinatory exception of lack of personal jurisdiction is affirmed. However, right is reserved to AIGA to reurge its exception to jurisdiction, supported by proper proof if it elects to do so. Costs of this writ application are assessed to AIGA.
WRIT RECALLED AND DENIED.
NOTES
[1] Without the full record before us, we were unable to make this determination from the limited documents filed in connection with AIGA's writ application.