729 So.2d 632 (1999)
Emmanuel PORET, Jr., Plaintiff-Appellant,
v.
BILLY RAY BEDSOLE TIMBER CONTRACTOR, INC., Defendant-Appellee.
No. 31,531-CA.
Court of Appeal of Louisiana, Second Circuit.
January 22, 1999.
W. Charles Brown, Mansfield, Counsel for Appellant.
Herman L. Lawson, Mansfield, Counsel for Appellee.
Before HIGHTOWER, WILLIAMS and GASKINS, JJ.
WILLIAMS, Judge.
The plaintiff, Emmanuel Poret, Jr., appeals the trial court's judgment rendered in favor of the defendant rejecting the plaintiffs claims. The trial court found that Bedsole Wood Corporation, Inc. ("Bedsole"), was not a party defendant in plaintiff's lawsuit. For the following reasons, we reverse the trial *633 court's judgment and remand the case for further proceedings.

Facts and Procedural History
The plaintiff, Emmanuel Poret, Jr., filed suit for damages which resulted from timber cutting operations that took place on November 1, 1995 on property located adjacent to his property. According to the plaintiff, some of the timber fell onto his property and caused damage to his fence. He further alleged that three head of his cattle escaped because of the damaged fence.
In his petition, the plaintiff named as defendant, Billy Ray Bedsole Timber Contractor, Inc. However, on February 25, 1997, Bedsole filed an answer to the plaintiffs petition wherein it acknowledged that it had been improperly referred to as Billy Ray Bedsole Timber Contractor, Inc. in the plaintiffs petition. Bedsole also admitted that its employees were engaged in timber cutting operations on property adjacent to the plaintiffs property, but denied that there was any damage to plaintiffs property.
After a trial, the trial court found that the plaintiff had failed to prove by a preponderance of the evidence that the defendant, Billy Ray Bedsole Timber Contractor, Inc., was liable for any act of negligence complained of by the plaintiff. Further, the trial court found that the acts complained of by the plaintiff were controlled by Bedsole Wood Corporation, Inc., which was not named as a party defendant in the petition, and consequently, the plaintiff had sued the wrong corporation. The trial court dismissed the plaintiffs action and subsequently denied the plaintiffs motion for a new trial. The plaintiff appeals.

DISCUSSION
The plaintiff contends that the trial court erred in finding that Bedsole Wood Corporation, Inc. was not a party defendant in this lawsuit. He argues that Bedsole submitted to the jurisdiction of the court by filing an answer to the petition.
The defendant argues that in order for Bedsole Wood Corporation, Inc. to be held liable in this lawsuit, the courts would have to find that Bedsole's filing of an answer was an express waiver of service and citation. Bedsole contends that it did not take any action other than filing an answer in this proceeding, which was done as a result of notice to its insurer. Bedsole further argues that the attorney who filed the answer did not take part in the proceedings.
Under LSA-C.C.P. art. 1201, a judgment rendered against a defendant who has not been validly cited and served with the petition is absolutely null, even if there is actual notice of the suit. Without such citation and service of process, the court does not have jurisdiction over the person of the defendant. U.S. Fidelity and Guaranty Co. v. Hurley, 96-1421 (La.App. 4th Cir. 8/6/97), 698 So.2d 482. Although the waiver through a general appearance has been eliminated from our law by the repeal of LSA-C.C.P. art. 7[1], a party can nevertheless waive an objection to the jurisdiction by an appearance of record. Appearance of record includes filing a pleading, appearing at a hearing, or formally enrolling as counsel of record. See LSA-C.C.P. art. 1671, Official Comment.
The record reflects that Michael S. Coyle, an attorney, filed an answer to plaintiffs petition and averred that Bedsole Wood Corporation, Inc. was incorrectly named in the petition. In brief, Bedsole states that the answer was filed by its insurer as a result of notice to its insurer.[2] Under Louisiana law, the filing of an answer to the plaintiffs petition was an appearance of record and, thus, Bedsole Wood Corporation, Inc. submitted itself to the jurisdiction of the trial court. LSA-C.C.P. art. 6(3)[3].
*634 Bedsole further contends that the filing of its answer here should not be treated as a general appearance, but should be treated in the same manner as if an answer had been filed by a curator. To support this contention, Bedsole cites Douglas v. Douglas, 528 So.2d 699 (La.App. 2d Cir.1988). Douglas involved a child custody action where the mother was deemed an absentee defendant and an attorney was appointed to represent her. The court in Douglas noted that attorneys appointed to represent absent defendants are charged with using reasonable diligence to communicate with the defendant and to inform the defendant of the nature and pendency of the proceedings. In Douglas, the record contained a copy of a letter purportedly sent by the attorney to the defendant that was returned undeliverable due to an insufficient address. The defendant argued that she never lived at the address to which the letter was sent and that her whereabouts were discoverable by the plaintiff, the child's father. The court concluded that there had not been reasonable notice to the defendant. Although the attorney appointed to represent the defendant had filed an answer and a general denial on behalf of the defendant, the court concluded that this action by the court-appointed attorney did not constitute a general appearance by the defendant.
Unlike the defendant in Douglas, the attorney for Bedsole Wood Corporation, Inc. was not appointed by the court to represent an absentee defendant. Although Bedsole argues that the insurance company's act of filing an answer did not constitute a general appearance, Bedsole never notified the trial court that it was not represented by the insurance company's attorney or that the insurance company was acting without its consent.
Therefore, we conclude that the answer filed by Bedsole Wood Corporation, Inc. corrected any error in the plaintiff's petition as to the name of the defendant actually being sued in this proceeding. The trial court erred in rendering judgment in favor of the defendant on the grounds that plaintiff had sued the wrong defendant.
Since the trial court failed to render judgment based on the merits of the case, we remand this matter to the trial court for further proceedings.

CONCLUSION
For the foregoing reasons, the judgment is reversed and the case is remanded to the trial court with instructions to rule on the merits of the case. All costs of this appeal are assessed to the defendant, Bedsole Wood Corporation, Inc.
REVERSED AND REMANDED.
HIGHTOWER, J., concurs in the result.
NOTES
[1] La. Acts 1997, No. 578 § 5, effective August 15, 1997.
[2] Travis Ray Bedsole testified that Bedsole Wood Corporation, Inc. and Billy Ray Bedsole Timber Contractor, Inc. are two separate entities. He also testified that, although he is employed by Billy Ray Bedsole Timber Contractor, Inc., he holds offices with both companies. He is president of Bedsole Wood Corporation and vice-president of Billy Ray Bedsole Timber Contractor, Inc.
[3] LSA-C.C.P. art. 6 provides in pertinent part:

power and authority to render a personal judgment against a party to an action or proceeding. This jurisdiction must be based upon: (3) The submission of the party to the exercise of jurisdiction over him personally by the court, or the waiver of objection to jurisdiction by failure to timely file the declinatory exception.