756 So.2d 664 (2000)
Emmanuel PORET, Jr., Plaintiff-Appellant,
v.
BILLY RAY BEDSOLE TIMBER CONTRACTOR, INC., Defendant-Appellee.
No. 32,971-CA.
Court of Appeal of Louisiana, Second Circuit.
April 5, 2000.
*665 W. Charles Brown, Mansfield, Counsel for Plaintiff-Appellant.
Herman L. Lawson, Mansfield, Counsel for Defendant-Appellee.
Before NORRIS, GASKINS and KOSTELKA, JJ.
GASKINS, Judge.
The plaintiff, Emmanuel Poret, Jr., appeals a trial court judgment asserting that the award for damages to his fence and for lost cattle was insufficient. He also complains that the trial court named the wrong defendant corporation in the judgment. For the following reasons, we affirm the trial court's damage award and amend the judgment to reflect the proper defendant corporation.

FACTS
Poret filed suit for damages from timber cutting operations that took place on November 1, 1995, on land adjacent to his property. He alleged that timber fell onto his property, caused damage to his fence, and allowed three of his cows to escape. Named as defendant was Billy Ray Bedsole Timber Contractor, Inc. In February 1997, Bedsole Wood Corporation, Inc. filed an answer acknowledging that it had been improperly referred to as Billy Ray Bedsole Timber Contractor, Inc. in Poret's petition, and further admitted that its employees were engaged in timber cutting operations on the adjacent property. However, Bedsole Wood Corporation, Inc. denied damage to Poret's property.
After a bench trial, the trial court concluded that Poret had sued the wrong *666 corporation, and the court not only dismissed his action, but also denied his motion for a new trial. Poret then appealed. We concluded that the answer filed by Bedsole Wood Corporation, Inc. corrected any error in Poret's petition as to the name of the defendant actually being sued. Thus, we determined that the trial court erred in rendering judgment against Poret on the grounds that he had sued the wrong defendant. Accordingly, we reversed the trial court's judgment and remanded the case with instructions to rule on the merits. See Poret v. Billy Ray Bedsole Timber Contractor, Inc., 31,531 (La.App.2d Cir.1/22/99), 729 So.2d 632.
On remand, the court rendered judgment in favor of Poret and against Billy Ray Bedsole Timber Contractor, Inc., for $450, together with legal interest and costs; Poret appealed. Subsequently, the trial court issued a per curiam that stated in pertinent part:
In this Court's opinion, this case is strictly about the credibility and weight of the evidence presented in support of plaintiff's position rather than his legal entitlement to damages. Once the issue regarding the procedural problems of the case were resolved in plaintiff's favor by Judgment of the Second Circuit, it was unquestionable that the plaintiff would be entitled to some damages. It was, however, quite uncertain what damages should be awarded due to the scant evidence presented by plaintiff in support of his claims.
On the first item of damages, that being the damage to the fence, plaintiff failed to put forth any dollar amount expended in repair of the fence. Therefore the Court, recognizing that plaintiff was entitled to some amount, fixed One Hundred and 00/100 ($100.00) Dollars as a nominal award for this item. With regard to plaintiff's claim for damages for cows he lost, the evidence was disputed as to the number of cows lost and extremely self-serving as to their value. While this Court recognizes that the owner is in the best position to know his cattle, the plaintiffs testimony as to the number and size is not credible particularly in light of the evidence presented by the defendant. Additionally, immediately after the incident, plaintiff did not allow the fence to be fixed in hoping that cows would return, which most of them did. The evidence presented does not support by preponderance the number of cows plaintiff claims to have lost nor their size. However, again recognizing the defendant's actions did cause some damage, in an effort to effect some measure of justice, this Court attempted to arrive at an amount that was fair and equitable to both parties and awarded damages for one cow of an average of the values presented.
Poret appealed the trial court judgment, urging that the trial court erred in failing to award damages for the three lost cows. The plaintiff claims that he proved the loss of three cows, not just one as found by the trial court, and that he established the value of the lost cows.

DISCUSSION
A court of appeal may not set aside a trial court's finding of fact in the absence of "manifest error" or unless it is "clearly wrong"; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed even though an appellate court may feel that its own evaluations and inferences are as reasonable. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). When factual findings are based on determinations regarding the credibility of witnesses, the manifest errorclearly wrong standard demands great deference to the trier of fact's findings because only the fact finder can be aware of the variations and demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Rosell v. ESCO, 549 So.2d 840 (La.1989). In applying the manifestly erroneousclearly wrong standard, appellate courts *667 must keep in mind that their initial review function is not to decide factual issues de novo, and where there are two permissible views of the evidence, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. Rosell, supra.
After reviewing the appellate record in the instant case, we find no manifest error in the trial court's factual findings concerning damages. The evidence was scant concerning damage to the fence, and the evidence was conflicting concerning the cattle that allegedly escaped Poret's property. Poret testified that three cows escaped and never returned, and he gave descriptions of each. He also maintained that there were tracks and cow manure on the other side of the fence at the place where the fence was damaged, and that Idelle Howard, an employee of the defendant, had also seen these signs. On the other hand, Howard testified there were no cow tracks and no cow manure on the other side of the fence from Poret's property.
Another defense witness, Dale Ross, testified that he had worked with cattle all his life. Ross testified that Howard hired him to look for Poret's cows, and that Ross received a description of the cows from Poret. However, Ross testified that he "never did see where the cows got out, no tracks, no cow droppings or nothing." Ross further testified that he searched for the cattle on three different occasions over several weeks, but did not find them.
In light of the conflicting testimony, the trial court's great discretion concerning factual findings, and the trial court's credibility determination in this case, we affirm the trial court judgment as it pertains to damages for loss of cattle. Similarly, we agree with the trial court there was scant evidence as to damage to the fence, and we affirm the trial court judgment as it pertains to damages for the fence. In conformity with our prior opinion, however, we must amend the trial court's judgment to change the name of the defendant from Billy Ray Bedsole Timber Contractor, Inc., to Bedsole Wood Corporation, Inc.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is amended to change the name of the defendant from Billy Ray Bedsole Timber Contractor, Inc., to Bedsole Wood Corporation, Inc. In all other respects, the judgment of the trial court is affirmed. Costs shall be divided equally between appellant and appellee.
AMENDED AND AFFIRMED.