RKUHN, Judge.
This matter is before us on a grant of certiorari. This writ involves the issue of whether the trial court erred in denying an exception of prescription based on La. R.S. 18:5107(D). Finding no error, we affirm.

FACTS

On June 12, 1996, plaintiffs, Braxton Sam and Bertha Sam, filed a 1983 action against relators, the Town of Baldwin, Police Chief Gerald Minor, and Officer David Bruner[1], seeking damages arising out of an incident which occurred on July 4, 1995.[2] Plaintiffs requested that service be held. On September 11, 1996, plaintiffs’ counsel executed a letter to the Clerk of Court requesting service on “The City of Baldwin, Chief of Police.” The Clerk of Court received the letter on September 13, 1996. On January 24, 2000, relators filed an exception of prescription pursuant to La. R.S. 13:5107(D) for plaintiffs’ failure to request service on them within 90 days of filing suit (by September 10, 1996). Rela-tors alleged that plaintiffs’ claims are prescribed because when a political subdivision or any officer or employee thereof is dismissed pursuant to La. R.S. 13:5107(D), the filing of the action does not interrupt or suspend the running of prescription as to the public entity or any officer or employee thereof.
In opposition to the exception, plaintiffs alleged that relators waited four and one-half years after receiving notice of the suit to attempt to have it dismissed. During that time, relators filed answers and submitted a pretrial memorandum on August 12, 1999. Minor filed a notice of deposition. On August 25, 1999, the court ordered plaintiffs and relators to mediate the case by October 1, 1999. The parties filed a joint motion to continue the trial set for February 3, 2000.
After a contradictory hearing on the motion to dismiss, the trial court found that plaintiffs directed the Clerk of Court to serve all relators on September 11, 1996, beyond the 90 day period of La. R.S. 13:5107(D). However, the court found that dismissal of the suit was not warranted because 1997 La. Acts No. 518, which amended La. R.S. 13:5107(D), applied, and this Act indicated that it shall be applicable to suits filed on and after its effective date, which was January 1, 1998. Therefore, the trial court found that |aLa. R.S. 13:5107(D) did not apply to plaintiffs’ suit and denied the exception. From this ruling, relators seek writs.

*682
DISCUSSION

La. R.S. 13:5107(D) when enacted by 1996 La. Acts 1st Ex.Sess. No. 63, § 1, read as follows:
In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the filing of the initial pleading, which names a state, a state agency, or political subdivision or any officer or employee thereof as a party. If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory hearing, as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served. When the state, a state agency, or political subdivision or any officer or employee thereof, is dismissed as a party pursuant to this Section, the filing of the action, even as against other defendants, shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or any officer or employee thereof. The effect of interruption of prescription as to other persons shall not be affected thereby.
The Act further provided it would become effective upon signature of the Governor. 1996 La. Acts 1st Ex.Sess. No. 63 § 3. The legislation was approved on May 9, 1996, and therefore became effective that date.
By 1997 La. Acts No. 518, § 1, the legislature amended and reenacted La. R.S. 13:5107(D). The provision as amended and reenacted reads as follows:
(1)In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of | ¿the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver.
(2) If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served.
(3) When the state, a state agency, or a political subdivision, or any officer or employee thereof, is dismissed as a party pursuant to this Section, the filing of the action, even as against other defendants, shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or any officer or employee thereof; however, the effect of interruption of prescription as to other persons shall continue.
The Act further provided it would be applicable only to suits filed on and after its effective date, which was January 1, 1998. See 1997 La. Acts No. 518, §§ 5-6.
In a recent case, Naquin v. Titan Indemnity Co., 99-0400 (La.App. 1st Cir.5/12/00), 767 So.2d 726, aff'd, 00-1585 pp. 2-3 (La.2/21/01), 779 So.2d 704, suit was filed on March 17, 1997, ten months after the effective date of La. R.S. 13:5107(D), as enacted by Act 63; service of process was requested in March, 1998. In upholding the trial court’s dismissal of the suit, the supreme court held that pursuant to La. R.S. 13:5107(D), as enacted by Act 63, the plaintiff was required to request service of process within 90 days of *683 the filing of his petition. Naquin, 00-1585 at pp. 5-6, 779 So.2d at 708. The court found that the subsequent amendment and reenactment of La. R.S. 13:5107(D) by Act 518 had no bearing on the case because Act 518 only applies to cases filed on and after January 1, 1998, its effective date. Naquin, 00-1585 at p. 6, 779 So.2d at 708.
 Based on the Naquin ease, the 1997 amendment does not apply to the factual circumstances in this case because suit was filed after the effective date of La. R.S. 13:5107(D) as enacted by Act 63 and before the effective date of Act 518. Therefore, the trial court erred in denying the exception on this basis.
Plaintiffs argue that relators’ exception is actually an exception of insufficiency of citation and service of process and that relators waived it by filing their answers prior to filing the exception. Plaintiffs further contend that no prejudice resulted from their failure to request service within 90 days because relators vigorously defended the suit for over four years without raising the exception.
As to plaintiffs’ contention that relators’ exception of prescription is actually an exception of insufficiency of service of process, such that it was waived by failure to plead it before answering, La. C.C.P. art. 928(A) states that the declina-tory and dilatory exceptions shall be pleaded prior to or in the answer.[3] In this case, if La. C.C.P. art. 928(A) applies, relators waived their exception by filing it after they answered the suit. Regardless of whether relators’ exception is actually an exception of insufficiency of service of process or a motion to dismiss pursuant to La. R.S. 13:5107(D), we find that relators’ actions in filing answers prior to the filing of the exception estop them from raising it. Proper citation is the foundation of all actions and actual knowledge of the existence of an action is no substitute for proper service of citation. Naquin, 00-1585 at p. 8, 779 So.2d at 710. Without valid citation and service of process, the court does not have jurisdiction over the person of the defendant. Poret v. Billy Ray Bedsole Timber Contractor, Inc., 31,531, p. 2 (La.App.2d Cir.1/22/99), 729 So.2d 632, 633. Although the waiver through a general appearance has been eliminated from our law by the repeal of La. C.C.P. art. 7,[4] a party can nevertheless waive an objection to the jurisdiction by an appearance of record. Poret, 31,531 at p. 2, 729 So.2d at 633. Appearance of record includes filing a pleading, appearing at a hearing, or formally enrolling as counsel of record. See La. C.C.P. art. 1671, Official Comment. In this case, the answers filed by relators constitute general appearances whereby they submitted themselves to the *684 jurisdiction of the court and waived the right to raise the failure to timely request service.[5]
Relators contend that once dismissed under La. R.S. 13:5107(D), plaintiffs’ suit is prescribed because the filing of a lawsuit does not interrupt prescription when defendants are dismissed pursuant to La. R.S. 13:5107(D), such that the suit should be dismissed with prejudice. Based on this court’s earlier rulings, we pretermit this issue.

CONCLUSION

For the above and foregoing reasons, we conclude that relators’ actions in filing answers prior to filing their exception pursuant to La. R.S. 13:5107(D) estop them from raising it, and, accordingly, relators are not entitled to dismissal through their exception of prescription. The writ of certio-rari and review previously granted herein is hereby recalled; and the judgment of the trial court, denying relators’ exception of prescription, is affirmed. The matter is remanded for further proceedings.
WRIT OF CERTIORARI RECALLED; JUDGMENT OF THE TRIAL COURT AFFIRMED; REMANDED FOR FURTHER PROCEEDINGS.
PETTIGREW, J., concurs, and assigns reasons.
FITZSIMMONS, J., concurs.

. Plaintiffs spelled Bruner’s name "Bru-neaux” in their original petition, then amended their petition to spell his name "Brunner.” In his answer, the defendant spells his name "Bruner.”

. Plaintiffs also named Herbert Feast as a defendant. A preliminary default was entered against him.

. Prior to July 1, 2000, La. C.C.P. art. 928(A) read in pertinent part: "The declinatory exception and the dilatory exception shall be pleaded prior to or in the answer, or prior to the confirmation of a default judgment." Effective July 1, 2000 and applying to all actions filed on or after July 1, 2000, 1999 La. Acts No. 983, § 1, amended La. C.C.P. art. 928 to read as follows in pertinent part:
The declinatory exception and the dilatory exception shall be pleaded prior to or in the answer and, prior to or along with the filing of any pleading seeking relief other than entry or removal of the name of an attorney as counsel of record, extension of time within which to plead, security for costs, or dissolution of an attachment issued on the ground of the nonresidence of the defendant, and in any event, prior to the confirmation of a default judgment. When both exceptions are pleaded, they shall be filed at the same time, and may be incorporated in the same pleading. When filed at the same time or in the same pleading, these exceptions need not be pleaded in the alternative or in a particular order.

. La. Acts 1997, No. 578 § 5, effective August 15, 1997.

. The case at bar is distinguishable from Na-quin, wherein this court and the supreme court rejected the plaintiff's argument that the defendants should be estopped from claiming the benefit of the 90 day service rule because they acknowledged receiving copies of the suit within 90 days of its filing and because they allegedly lulled plaintiff's counsel into a reasonable belief that service of process was nol expected while good faith negotiations were ongoing. Naquin, 00-1585 at pp. 8-10, 779 So.2d at 709-11. In the case at bar, relators actually filed answers whereas in Na-quin, the only pleading the defendants actually filed was an extension of time within which to plead. Naquin, 00-1585 at p. 3, 779 So.2d at 706-07.