934 So.2d 739 (2006)
Curtis DIAMOND
v.
PROGRESSIVE SECURITY INSURANCE COMPANY.
No. 2005 CA 0820.
Court of Appeal of Louisiana, First Circuit.
March 24, 2006.
*740 Ike F. Hawkins, III, Baton Rouge, for Plaintiff-Appellant Curtis Diamond.
Jason A. Bonaventure, Shelly D. Dick, Amanda G. Clark, Baton Rouge, for Defendant-Appellee Mississippi Insurance Guaranty Association.
*741 James Eric Johnson, Baton Rouge, for DefendantAppellee Louisiana Insurance Guaranty Association.
Before: WHIPPLE, McCLENDON, and WELCH, JJ.
WELCH, J.
In this appeal, Curtis Diamond appeals from a judgment dismissing his claims against the Louisiana Insurance Guaranty Association (LIGA) on an exception of no right of action and against the Mississippi Insurance Guaranty Association (MIGA) on an exception of lack of personal jurisdiction. After a thorough review of the facts and applicable law, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND
According to his petition, Mr. Diamond, a resident of East Feliciana Parish, Louisiana, was involved in a vehicular accident in Jasper, Alabama, with an Alabama resident, while driving a truck for his employer, Howard Transportation, Inc. (Howard), a Mississippi corporation. Mr. Diamond filed suit in East Feliciana Parish against his personal insurer, Progressive Security Insurance Company (Progressive), seeking medical payments and uninsured/underinsured motorist (UM) benefits, based on his allegation that the Alabama tortfeasor that hit him was underinsured. Mr. Diamond later added Howard's insurer, Legion Insurance Company (Legion), as a defendant, again seeking UM benefits.
Mr. Diamond ultimately settled his claim against Progressive, and Progressive was dismissed from the suit. While Mr. Diamond's claim against Legion was pending, a Pennsylvania court placed Legion in rehabilitation and eventually ordered its liquidation. Due to Legion's insolvency, Mr. Diamond amended his petition to add LIGA and MIGA, alleging these defendants were solidarily liable with other defendants for his damages, because Legion was a qualified insurer in Louisiana and in Mississippi at the time of his accident in Alabama.[1]
MIGA filed an exception of lack of personal jurisdiction, claiming it was a Mississippi entity that had no contacts with Louisiana. LIGA filed exceptions of no right of action, improper venue, and/or lack of subject matter jurisdiction. LIGA argued Mr. Diamond did not have a right of action against Legion under the Louisiana Direct Action Statute, La. R.S. 22:655(B)(2), and, thus no action against LIGA, because the Legion policy was not delivered or written in Louisiana and the accident at issue occurred outside of Louisiana. After a hearing on the exceptions, the trial court signed a judgment granting MIGA's exception of lack of personal jurisdiction, granting LIGA's exception of no right of action, and dismissing Mr. Diamond's claims against them without prejudice.[2] Mr. Diamond appeals from the adverse *742 judgment, contending the trial court erred in granting the exceptions and dismissing his claims.

EXCEPTION OF NO RIGHT OF ACTION
In his first assignment of error, Mr. Diamond argues the trial court erred in granting LIGA's exception of no right of action. He contends the purpose of Louisiana's UM statutory scheme is to promote full recovery for innocent automobile accident victims. He argues the UM statute[3] applies to insurance policies covering vehicles "principally garaged" in Louisiana, and because the vehicle he was driving at the time of the accident was principally garaged in East Feliciana Parish, then the insurance covering it (i.e., Legion's policy) should be deemed to be delivered or issued for delivery in the State of Louisiana. Based on this argument, Mr. Diamond appears to contend he has a direct action against Legion and thus against LIGA.
A defendant challenging a plaintiff's right to proceed under the Louisiana Direct Action Statute may do so by means of an exception of no right of action. Spomer v. Aggressor International, Inc., XXXX-XXXX (La.App. 1st Cir.9/28/01), 807 So.2d 267, 275, writ denied, 2001-2886 (La.1/25/02), 807 So.2d 250; Foltmer v. James, XXXX-XXXX (La.App. 4th Cir.9/12/01), 799 So.2d 545, 548, writ denied, 2001-2777 (La.1/4/02), 805 So.2d 213. To sue a liability insurer directly under the Louisiana Direct Action Statute, the accident or injury must have occurred in Louisiana or the policy must have been written or delivered in Louisiana. Esteve v. Allstate Insurance Company, 351 So.2d 117, 120 (La.1977); Spomer, 807 So.2d at 275. An insurance company that proves the requirements of the Direct Action Statute have not been fulfilled is entitled to dismissal of the claim against it on an exception of no right of action. Foltmer, 799 So.2d at 548. Further, LIGA may also raise the exception because it "shall have all rights, duties, and obligations of the insolvent insurer." La. R.S. 22:1382(A)(2).
In this case, it is undisputed that Mr. Diamond's accident occurred in Alabama. Further, the evidence in this case indicates Legion's policy was neither written nor delivered in Louisiana. According to the Pennsylvania court order placing Legion in liquidation, Legion's principal place of *743 business is in Philadelphia County, Pennsylvania. The policy, introduced into the record by LIGA, lists Legion's address in Philadelphia, Pennsylvania. The agent/broker listed on the policy is Barksdale Bonding and Insurance, Inc. with an address in Jackson, Mississippi. And, according to Mississippi Secretary of State records introduced into the record by LIGA, Howard's principal office address, as well as its registered agent's address, is in Laurel, Mississippi. This evidence supports the conclusion that Legion's policy was written and delivered outside of Louisiana.
On the other hand, Mr. Diamond has pointed to no contrary evidence demonstrating that Legion wrote or delivered Howard's policy in Louisiana. Although he argues in brief that Legion's policy should be "deemed" to have been delivered in Louisiana because Howard's truck was "principally garaged" in East Feliciana Parish, Mr. Diamond cites no legal support for his argument nor are we able to find any. Further, even if Mr. Diamond's argument had merit, his mere assertion in brief that Howard's truck was "principally garaged" in East Feliciana Parish is insufficient to establish such as fact. A court of appeal has no authority to consider facts referred to in brief that are not in evidence. Watts v. Baldwin, 95-0260 (La. App. 1st Cir.10/6/95), 662 So.2d 519, 523 n. 1.
After a thorough review of the record, we conclude LIGA proved Mr. Diamond's accident did not occur in Louisiana and that the Legion policy issued to Howard was neither written nor delivered in Louisiana. Thus, the trial court correctly granted LIGA's exception of no right of action. This assignment of error has no merit.

EXCEPTION OF LACK OF PERSONAL JURISDICTION
In his second assignment of error, Mr. Diamond contends the trial court erred in granting MIGA's exception of lack of personal jurisdiction. Mr. Diamond contends MIGA had sufficient contacts with the State of Louisiana, because it was aware that Legion was writing multi-state insurance policies and charging premiums based on coverage not solely provided in the State of Mississippi. Further, Mr. Diamond contends MIGA waived its right to object to personal jurisdiction by making a general appearance in this case.
In determining whether there is personal jurisdiction, we look to the long-arm statute of Louisiana, which provides that "a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States." La. R.S. 13:3201(B). The limits of the Louisiana long-arm statute and of constitutional due process are coextensive; the sole inquiry into jurisdiction over a nonresident is whether it comports with constitutional due process requirements. Peters v. Alpharetta Spa, L.L.C., XXXX-XXXX (La.App. 1st Cir.5/6/05), 915 So.2d 908, 910-911. For the exercise of personal jurisdiction over a nonresident defendant to comport with constitutional due process requirements, the defendant must have purposefully established certain "minimum contacts" with the forum state such that he could reasonably anticipate being haled into court there, and the exercise of personal jurisdiction must be such that it "does not offend traditional notions of fair play and substantial justice." International Shoe Company v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Minimum contacts are established when the nonresident defendant "purposely *744 avails itself of the privilege of conducting activities within the forum [s]tate." Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); Peters, 915 So.2d at 911. An appellate court conducts a de novo review of the legal issue of a Louisiana court's personal jurisdiction over a nonresident. Peters, 915 So.2d at 910. However, the trial court's factual findings underlying the decision are reviewed under the manifest error standard of review. Id.
The Mississippi Insurance Guaranty Association Law was enacted to protect policy holders of certain kinds of insurance in the event of their insurer's insolvency. Mississippi Insurance Guaranty Association v. Byars, 614 So.2d 959, 963 (Miss. 1993). MIGA is a statutorily created, nonprofit, unincorporated legal entity whose duties include the assumption of an insolvent insurer's duties and obligations. Miss.Code Ann. §§ 83-23-103, 111; Mississippi Insurance Guaranty Association, 614 So.2d at 964.
In support of its exception of lack of personal jurisdiction, MIGA submitted the affidavit of John Weeks, its Executive Director, who attested that MIGA is a Mississippi resident with its principal and only place of business in Ridgeland, Mississippi. According to Mr. Weeks, MIGA does not transact business in Louisiana; has no agent for service of process in Louisiana; owns no property nor receives any revenue from Louisiana; does not advertise in Louisiana and does not avail itself of Louisiana courts. Further, Mr. Weeks stated in his affidavit that MIGA "has no interest in resolving or enforcing issues related to the Louisiana Insurance Guaranty Association Laws which are designed to protect the insureds of Louisiana."
In opposition to MIGA's exception, Mr. Diamond submitted no evidence indicating that MIGA has the requisite minimum contacts with Louisiana such that it could reasonably anticipate being haled into court here. Without evidentiary support, he argues MIGA was aware that Legion was writing multi-state insurance policies and charging premiums for coverage in states other than Mississippi, presumably including Louisiana. However, Mr. Diamond fails to explain how this fact, even if accepted as true, establishes minimum contacts between MIGA and the State of Louisiana. In granting MIGA's exception, the trial court apparently accepted the facts set forth in Mr. Weeks' affidavit as true. In the absence of contrary evidence, we find no manifest error in the trial court's acceptance of these facts; nor do we find legal error in its legal determination that it had no personal jurisdiction over MIGA. Cf. Guidry v. Cajun Rentals and Services, Inc., 563 So.2d 1335 (La. App. 3rd Cir.1990) (wherein the court of appeal affirmed the denial of the Alabama Insurance Guaranty Association's exception of lack of personal jurisdiction because AIGA failed to carry its evidentiary burden of proof to support its claim that it had no contacts with Louisiana).
Alternatively, Mr. Diamond argues MIGA waived its right to object to jurisdiction, because Legion's counsel, who later acted as MIGA's counsel, filed a motion to compel discovery before MIGA filed its exception of lack of personal jurisdiction. It is true that a party waives his objection to jurisdiction by failing to timely file a declinatory exception. La. C.C.P. art. 6(A)(3); Sam v. Feast, XXXX-XXXX (La. App. 1st Cir.3/28/01), 802 So.2d 680, 683. A party can waive an objection to jurisdiction by an appearance of record, such as filing a pleading, appearing at a hearing, *745 or formally enrolling as counsel of record. Id. Even if we were to assume that the filing of a motion to compel constitutes an appearance, it was Legion that filed the motion to compel in this case, not MIGA. Contrary to any assertions by the appellant, Legion and MIGA are not solidary obligors;[4] therefore, an appearance by Legion does not constitute an appearance by MIGA, even if the same attorney represented these parties. The record indicates that MIGA's first action in this suit was the filing of the exception of lack of personal jurisdiction. Therefore, MIGA did not waive its objection to jurisdiction. This assignment of error has no merit.

CONCLUSION
For the foregoing reasons, the trial court's judgment granting the Louisiana Insurance Guaranty Association's exception of no right of action; granting the Mississippi Insurance Guaranty Association's exception of lack of personal jurisdiction; and dismissing Mr. Diamond's claims against these defendants without prejudice, is affirmed. Costs of this appeal are assessed to Curtis Diamond.
AFFIRMED.
McCLENDON, J., concurs.
NOTES
[1] LIGA was created in 1970 by the enactment of the Insurance Guaranty Association Law, La. R.S. 22:1375 through 1394, to provide a mechanism for the payment of covered claims under certain insurance policies, to avoid excessive delay in payment, and to avoid financial loss to claimants or policyholders because of the insolvency of an insurer. La. R.S. 22:1375-76. Under the Act, when an insurer is determined to be insolvent, LIGA is deemed to be the insurer to the extent of its obligation on pre-insolvency covered claims and has all the rights, duties, and obligations of the insolvent insurer as if that insurer had not become insolvent. La. R.S. 22:1382(A)(1)(a) and (A)(2). Alerion Bank v. Louisiana Insurance Guaranty Association, 1998-2897 (La.App. 1st Cir.2/18/00), 753 So.2d 369, 372. As discussed later in the opinion, MIGA is a similar entity in the State of Mississippi.
[2] The record contains two judgments. The first judgment, signed December 10, 2004, grants MIGA's exception of lack of personal jurisdiction and dismisses Mr. Diamond's claims against MIGA. (r213) The second judgment, signed December 22, 2004, grants MIGA's exception and LIGA's exception of no right of action and dismisses Mr. Diamond's claims against both defendants. This second judgment states that "any Judgment signed in error since ... November 15, 2004 ... is hereby recalled and set aside." We note that in the absence of a motion for new trial, appeal, or a motion by the trial court with the agreement of the parties, a court cannot substantively amend a final judgment. Starnes v. Asplundh Tree Expert Company, 94-1647 (La. App. 1st Cir.10/6/95), 670 So.2d 1242, 1246. In this case, the language in the second judgment setting aside the earlier-rendered judgment appears to be an attempt to make a substantive change to the first judgment in the absence of a timely motion for new trial, consent by the parties or a timely appeal. Thus, that provision in the second judgment is without legal effect, and the first judgment maintaining MIGA's exception is still a valid judgment. Starnes, 670 So.2d 1246. However, in this case, the appellant appealed from both judgments rendered by the trial court; therefore, this error does not affect the issues before us or the ultimate outcome of the case.
[3] Mr. Diamond relies on former La. R.S. 22:1406(D)(1)(a). Section D of La. R.S. 22:1406 was amended by 2003 La. Acts, No. 456, §§ 1 and 2 and redesignated as La. R.S. 22:680 by § 3 of the same act.
[4] Legion is not the tortfeasor's insurance company. The plaintiff seeks uninsured motorist benefits from Legion, and subsequently from MIGA. Hence, his clam against Legion, based solely on contractual liability, does not give rise to a solidary obligation where the general appearance by one obligor would be sufficient to confer jurisdiction over the other.