BONNIE ANN ALFONSO
v.
MICHAEL DAMON JACKSON
MICHAEL JACKSON
v.
DEBORAH DARLENE JACKSON
Nos. 2008 CA 2501, 2008 CA 2502 consolidated with
Court of Appeals of Louisiana, First Circuit.
September 11, 2009.
NANINE McCOOL, Mandeville, LA, Attorney for Defendant/Appellant, Deborah D. Jackson.
MICHAEL BASS, Brett K. Duncan, Hammond, LA, Attorney for Plaintiff/Appellee, Michael Jackson
MARK M. DENNIS, Covington, LA, Attorney for Plaintiff/Appellee, Bonnie Alfonso.
Before: CARTER, C.J., GUIDRY and PETTIGREW, JJ.

Not Designated for Publication
CARTER, C. J.
This appeal challenges the validity of a judgment decreeing a final divorce between Deborah Darlene Jackson and Michael Jackson. Specifically, Ms. Jackson appeals a judgment of the trial court denying a motion for nullity of the divorce judgment and terminating Mr. Jackson's obligation to pay interim spousal support.
Mr. Jackson instituted divorce proceedings by filing a petition for divorce pursuant to LSA-C.C. art. 102.[1] Ms. Jackson was served with the petition. Later, Mr. Jackson was granted leave of court to file an amended petition for divorce pursuant to LSA-C.C. art. 103. On the same date that Mr. Jackson was granted leave to file the amended petition, the parties appeared in court on other matters. After accepting unrelated stipulations, the Article 103 divorce was taken up by consent of the parties. Both parties testified as to the date of their separation so as to establish the requisite time of having lived separate and apart. Further, both parties specifically stated on the record that they desired a divorce. The trial court rendered judgment in court granting the divorce and later signed a written judgment.
After Mr. Jackson filed a rule to terminate his interim spousal support obligation, Ms. Jackson objected, contending the parties were still legally married and attacked the divorce judgment as a nullity. Ms. Jackson contends that the divorce is not valid pursuant to Article 102, because the requisite time delays had not elapsed at the time the judgment was rendered.[2] Further, she argues, the divorce is not valid pursuant to Article 103, because she was never served with a petition requesting a divorce under Article 103. On appeal, Ms. Jackson acknowledges that during the hearing, the parties orally requested a divorce pursuant to Article 103. However, she now claims that at the hearing she was operating under the mistaken belief that the original petition that was served on her requested a divorce under Article 103, and since she was never served with the amended petition for divorce under Article 103, then the divorce judgment is null.
A final judgment shall be annulled if it is rendered against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction. LSA-C.C.P. art. 2002. Here, Ms. Jackson was served with the original petition for divorce. She also participated in the hearing on the divorce that was taken up at the request of the parties and personally requested that the trial court grant the divorce. Moreover, Ms. Jackson admits that the divorce was requested pursuant to Article 103. In this case Ms. Jackson waived any objection to jurisdiction; therefore Ms. Jackson does not state a cause of action for nullity of the divorce judgment. Cf. Diamond v. Progressive Sec. Ins. Co., 05-0820 (La. App. 1 Cir. 3/24/06), 934 So.2d 739, 744; Short v. Short, 40,136 (La. App. 2 Cir. 9/23/05), 912 So.2d 82, 87, writ denied, 05-2320 (La. 3/10/06), 925 So.2d519.
For the reasons set forth herein, the judgment appealed is affirmed in accordance with URCA Rule 2-16.1.B. Costs of this appeal are assessed to Deborah Darlene Jackson.
AFFIRMED.
NOTES
[1] No children were born of the marriage between Mr. Jackson and Ms. Jackson. The Jacksons' divorce proceeding was consolidated with a proceeding between Mr. Jackson and the mother of his son. The motion to consolidate was premised on both suits relating to child custody and visitation as Ms. Jackson requested visitation with the child.
[2] On appeal, Ms. Jackson again advances her arguments for nullity of the judgment related to Article 102. However, it is clear that the trial court rendered judgment pursuant to Article 103. Thus, we do not address the arguments relating to a divorce under Article 102.