MOORE, J.
| TPioneer Credit Recovery Inc., a collection agency, appeals a judgment ordering it to repay the Bossier Parish School Board (“BPSB”) $5,055.93, the amount BPSB erroneously sent to Pioneer pursuant to a federal order of withholding (administrative wage garnishment) after the order was released. We affirm.

Factual and Procedural Background

Nancy White, a former BPSB employee, defaulted on her United Student Aid Funds student loan. United Student Aid retained Pioneer, a subsidiary of Sallie Mae, to collect. In June 2010, Pioneer sent BPSB the order of withholding, directing it to withhold from Ms. White’s earnings an amount sufficient to pay off her defaulted $1,339.09 loan, and to forward the withheld funds to Pioneer each pay period. BPSB complied, taking $459.63 out of Ms. White’s paycheck each month starting in August 2010. By October 10, the default amount was paid off. On October 27, Pioneer sent BPSB a federal release order of withholding, authorizing it to stop withholding and forwarding funds. BPSB stopped withholding money from Ms. White’s check, but through clerical error continued sending $459.63 a month, out of BPSB’s funds, to Pioneer. By the time the error was detected, in September 2011, BPSB had overpaid $5,055.93 to Pioneer. In October, BPSB finally advised Pioneer of the error and demanded a refund; Pioneer responded that it had already “refunded” the overpayment directly to Ms. White.
BPSB filed this suit in January 2012 to recover the overpayment. In later pleadings, it argued that recovery was based on the theory of payment | gof a thing not owed, La. C.C. arts. 2299 and 2300. Pioneer admitted that it had received the overpayments but argued that BPSB was solely at fault for failing to comply with the federal guidelines for withholdings, 20 U.S.C. § 1095a and 34 C.F.R. 682.41(b)(9), and for disregarding the release of order of withholding. Pioneer’s director of portfolio management stated by affidavit that it had refunded all overpayments directly to Ms. White, under the mistaken belief that the money was hers. BPSB argued that in point of fact, the overpayments were public funds.
The matter proceeded to trial on joint stipulations. The district court rendered a written opinion citing La. C.C. art. 2299, “A person who has received a payment for a thing not owed to him is bound to restore it to the person from whom he received it[,]” and Revision Comment (b) to that article, “Louisiana courts interpreting this provision have correctly ordered persons who received things or payments not owed to return them to the persons who made the delivery or the payment.” The court found that the person who made the payment was BPSB, not Ms. White. It further found that Pioneer’s direct payments to Ms. White were made “under Pioneer’s sole discretion in an attempt to remedy the overpayment,” but did not amount to restoring it to the person from whom Pioneer received it. The court con- *1009 eluded that Pioneer’s obligation was to restore the $5,055.98 to the original' sender, BPSB, and rendered judgment to that effect.

Discussion

Pioneer has appealed, raising four assignments of error. By its first assignment, it urges the court erred in failing to find BPSB negligently | sfailed to follow the law of garnishment, La. C.C.P. arts. 2411 et seq.; that any loss was solely the fault of BPSB; and that BPSB had “unclean hands” in pursuing the claim. By its second assignment, it urges the court erred in failing to find BPSB’s actions grossly negligent in continuing to send funds after the release of order of withholding in October 2010. Framing the issue as payment of the debt of another, La. C.C. art. 2302, Pioneer again argues that equitable relief is not available to any party with “unclean hands,” Metropolitan Life Ins. Co. v. Mundy, 167 So. 894 (La.App. 1 Cir.1986); Pioneer Bank & Tr. Co. v. Dean’s Copy Prods., 441 So.2d 1234 (La. App. 2 Cir.1983). Pioneer submits that BPSB had unclean hands because it failed to monitor its own bookkeeping department and verify that it was forwarding funds that belonged to the debtor instead of public money. By its third assignment, Pioneer reiterates that the court erred in failing to find BPSB’s conduct grossly negligent, and its hands unclean, for failing to notify Pioneer that the funds paid under garnishment were actually public funds until after Pioneer had already mistakenly refunded the overpayment to Ms. White. By its fourth assignment, Pioneer urges that not only was BPSB grossly negligent in continuing to pay over one year after receiving the release of order of withholding, but, under the predecessor (pre-1996) version of Art. 2302, former Art. 2310, by paying the excess to Ms. White, Pioneer “parted with title” to the overpayment and is no longer liable to restore it to BPSB.
Cases of enrichment without cause have been regulated by La. C.C. arts. 2298-2305 since January 1, 1996. 1995 La. Acts No. 1041, effective |4January 1, 1996. Article 2299 specifically provides the obligation to restore:
A person who has received a payment or a thing not owed to him is bound to restore it to the person from whom he received it.
This article clearly governs the instant case. Pioneer received a thing not owed to it, an overpayment of garnishment funds; Pioneer is thus bound to restore it to the entity, BPSB, from whom it received the thing not owed. The district court was not plainly wrong in finding to this effect.
We are unpersuaded by Pioneer’s reliance on the “unclean hands” doctrine throughout its first three assignments of error. We recognize the maxim that “a suitor who engaged in his own reprehensible conduct in the course of the transaction at issue must be denied equitable relief because of unclean hands,” McKennon v. Nashville Banner Pub. Co., 513 U.S. 352, 360, 115 S.Ct. 879, 885, 130 L.Ed.2d 852 (1995). The law is clear, however, that courts may resort to equity only when “no rule for a particular situation can be derived from legislation or custom,” La. C.C. art. 4. The existence of positive law on the subject precludes the application of equitable concepts. Wier v. Glassell, 216 La. 828, 848, 44 So.2d 882, 889 (1950); Commercial Nat’l Bank v. Rowe, 27,800 (La.App. 2 Cir. 1/24/96), 666 So.2d 1312. Even if the equitable doctrine of “unclean hands” applied, the jurisprudence uniformly interprets it as “reprehensible conduct,” McKennon v. Nashville Banner Pub. Co., supra; “any illegal or immoral act or transactions to which he is a part,” Allvend *1010 Inc. v. Payphone Comm’ns Co., 2000-0661 (La.App. 4 Cir. 5/23/01), 804 So.2d 27, and citations therein; or as “a course of | sconduct naturally calculated, if not deliberately intended, to cause the very conditions that led [the other party] to seek equitable relief,” City of New Orleans v. Board of Directors of La. State Museum, 98-1170 (La.3/2/99), 739 So.2d 748. While BPSB’s bookkeeping standards in this instance appear surprisingly relaxed, they are far from reprehensible, illegal, immoral or naturally calculated to induce Pioneer’s conduct. BPSB’s conduct is much closer to the mere mistake which this court found insufficient to block equitable recovery in Carter v. Flanagan, 455 So.2d 689 (La.App. 2 Cir.1984). In fact, BPSB’s error appears only slightly more serious than Pioneer’s conduct in “refunding” over $5,000 to Ms. White without ascertaining that she had paid it in the first place. These assignments of error lack merit.
By its fourth assignment of error, Pioneer cites the former La. C.C. art. 2310, urging that by paying the excess to Ms. White, it “parted with” title, thus extinguishing BPSB’s right to claim restitution.[1] Pioneer contends that BPSB’s only right is against Ms. White.
As noted, since January 1, 1996, La. C.C. art. 2302 has provided the remedy for payment of the debt of another person:
A person who paid the debt of another person in the erroneous belief that he was himself the obligor may reclaim the payment from the obligee. The payment may not be reclaimed to the extent that the obligee, because of the payment, disposed of the instrument or released the securities relating to the claim. In such a case, the person who made the payment has a recourse against the true obligor.
|fiThe first sentence of this article excludes its application from the instant case. In mistakenly sending the overpayments to Ms. White, Pioneer was not paying the debt of another person; only Pioneer owed the obligation to restore the excess to BPSB. Moreover, this record does not show that any instrument or securities relating to the claim were disposed of, released, destroyed or parted with. Under the principles of La. C.C. art. 2299, Pioneer appears to have a cause of action against Ms. White, but it did not join her as a defendant or bring a third-party claim against her in the instant suit. We decline to rule on a claim that has never been asserted. This assignment of error lacks merit.

Conclusion

For the reasons expressed, the judgment is affirmed. All costs are to be paid by Pioneer Credit Recovery Inc.
AFFIRMED.

. Former Art. 2310 provided, in part, “This right [to claim restitution] ceases, if, in consequence of the payment, the creditor has destroyed or parted with his title; but the recourse still remains to the person paying against the true debtor.”