CRAIN, J.
I ¡.The defendants appeal a summary judgment awarding recovery to the plaintiff for damages to a piece of equipment that was the object of a lease between the parties. We affirm.
FACTS AND PROCEDURAL HISTORY
H&E Equipment Services, Inc. and Sugar & Power International, LLC (SPI) en *448 tered a written rental agreement whereby H&E leased constniction equipment to SPI. The leased equipment included a large crane that was subsequently damaged in an accident that occurred while SPI was using the equipment during the term of the lease. The cost to repair the damage to the crane totaled $147,376.85. Under the terms of the rental agreement, SPI is responsible for any damage to the equipment, and the cost to repair any such damage is considered additional rent owed by the lessee. When SPI refused to pay the repair costs, H&E filed the present suit against SPI and one of its principals, Jorge H. Campos, who signed a personal guarantee securing any indebtedness of SPI under the lease.
After SPI and Campos filed a general denial, H&E moved for summary judgment for the full amount of the repair costs, plus interest, and attorney fees. In support of the motion, H&E submitted the rental agreement for the crane, a credit application containing the personal guarantee signed by Campos, and affidavits by a representative of H&E who, in addition to confirming the rental agreement and credit application, attested that the crane was damaged during the term of the lease and that the cost to repair the damage was $147,376.85. H&E also submitted an affidavit signed by its counsel attesting to the attorney fees and costs incurred in pursuit of the claim.
In response to the motion, the defendants did not dispute that the crane was damaged in an accident that occurred while SPI was using the equipment during lathe lease. Nor did they offer any evidence contradicting or otherwise contesting the amount of the repair costs. Instead, they argued that the damages to the equipment would have been covered by insurance if an employee of H&E had correctly conveyed certain information about the crane to SPI’s insurance agent. According to an affidavit signed by Campos, SPI’s insurance agent initially provided H&E with a certificate of insurance that misidentified the additional insured (as being someone other than SPI) and the policy period. An employee of H&E then purportedly agreed to communicate directly with the agent to provide the correct information necessary to obtain proper coverage for the crane. Possession of the crane was thereafter transferred to SPI, and it heard nothing more about the matter until after the accident, when it was notified that the claim for damages to the crane was denied because the certificate of insurance did not have the correct serial number and description for the crane. SPI argued that H&E “created the debt” by failing to convey the correct information to the insurance agent to facilitate coverage for the crane.
The trial court granted the motion for summary judgment and, in written reasons, explained:
The plaintiff seeks relief pursuant to the written rental contract between the parties and based upon the law and evidence, there is no genuine issue of material fact in dispute that would deprive the plaintiff of the relief sought in [its] motion for summary judgment ....
The subject of plaintiffs motion is the obligations of the parties pursuant to the terms of the written rental contract and whether the plaintiff or some other third party may or may not be responsible for proper insurance is irrelevant to the determination of contractual liability, which has been proven by the evidence submitted in connection with plaintiffs motion.
The trial court signed a judgment in favor of.H&E awarding damages against SPI and Campos, in solido, in the principal amount of $147,376.85, plus interest *449 | totaling $18,388.04 with juridical interest thereafter, attorney fees in the amount of $10,491.00, and all costs of the proceeding. SPI and Campos appeal.
DISCUSSION
A motion for summary judgment shall be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. Code Civ. Pro. art. 966B(2).[1] The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. See La. Code Civ. Pro. art. 966A(2). In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. In re Succession of Beard, 13-1717 (La.App. 1 Cir. 6/6/14), 147 So.3d 753, 759-60.
Contracts have the effect of law between the parties. La. Civ. Code art. 1983. Although summary judgment is generally not appropriate to establish the intent of contracting parties, where the words of a contract are clear, explicit and lead to no absurd consequences, the meaning and intent of the parties must be sought within the four corners of the instrument and cannot be explained or contradicted by parol evidence. Claitor v. Brooks, 13-0178 (La.App. 1 Cir. 12/27/13), 137 So.3d 638, 644-45, writ denied, 14-0198 (La. 4/4/14), 135 So.3d 1182. Under those circumstances, the interpretation of the contract is a matter of j filaw and summary judgment is appropriate. Sims v. Mulhearn Funeral Home, Inc., 07-0054 (La. 5/22/07), 956 So.2d 583, 590; Claitor, 137 So.3d at 644-45.
SPI does not dispute that under the terms of the rental agreement, it is responsible for damage to the crane resulting from any accidents during the term of the lease. In that regard, the agreement provides:
Lessee is responsible for ... all damage other than normal wear and tear. Any damage to the Equipment for any reason will be charged to Lessee .... Lessee will notify Lessor immediately of any accidents, failures, or breakdowns concerning the Equipment. All repairs to the Equipment shall be done by Lessor and Lessee expressly agrees only Lessor is authorized to repair, modify, adjust or service the Equipment during the term of the lease. The cost of all repairs outside of normal wear and tear shall be borne by Lessee, and shall be considered additional rent owed by Lessee.
The undisputed evidence establishes that the crane was damaged in an accident that occurred while SPI was leasing the equipment. The evidence likewise establishes, without contradiction, that the cost to repair the damage was $147,376.85. The foregoing establishes, as a matter of law, that SPI is indebted to H&E for the full amount claimed in the motion.
SPI, however, asserts on appeal that the trial court erred in finding no genuine *450 issues of material fact “concerning H&E’s liability for creating the debt,” According to SPI, H&E bears some responsibility for the indebtedness because of the purported failure of H&E’s employee to provide the correct information to SPI’s insurance agent to secure insurance coverage for the crane. SPI does not contend that this alleged miscommunication was a breach of the rental agreement, as the lease does not require H&E to procure insurance coverage on the crane. Instead, SPI generally alludes to the equitable doctrine of “clean hands” and Louisiana’s law on detrimental reliance as support for its argument that the actions of H&E’s employee preclude a summary judgment concerning SPI’s liability for the repair costs.
| (¡The equitable doctrine of clean hands, sometimes referred to as “unclean hands,” mandates that “[h]e who comes into a court of equity must come with clean hands.” Cimarex Energy Co. v. Mauboules, 09-1170 (La. 4/9/10), 40 So.3d 931, 945 (quoting City of New Orleans v. Levy, 233 La. 844, 865-66, 98 So.2d 210, 218 (1957)). A party has “unclean hands” if he engaged in reprehensible conduct, an illegal or immoral act, or a course of conduct naturally calculated, if not deliberately intended, to cause the very conditions that led the other party to seek equitable relief. See Bossier Parish School Board v. Pioneer Credit Recovery, Inc., 49,525 (La.App. 2 Cir. 1/14/15), 161 So.3d 1007. The law is clear, however, that courts may resort to equity only when “no rule for a particular situation can be derived from legislation or custom.” See La. Civ. Code art. 4. The existence of positive law on the subject precludes the application of equitable concepts. See Wier v. Glassell, 216 La. 828, 848, 44 So.2d 882, 889 (1950); Bossier Parish School Board, 161 So.3d at 1009.
Here, H&E is not seeking a remedy in equity; rather its recovery is based upon the law of contract. Furthermore, the alleged miscommunication concerning the crane’s insurance coverage does not rise to the level of an illegal or immoral act that would support the application of the clean hands doctrine. For these reasons, the doctrine of clean hands does not preclude a summary judgment in favor of H&E.
The doctrine of detrimental reliance, sometimes referred to as promissory or equitable estoppel, is codified in Louisiana Civil Code article 1967, which provides in relevant part:
A party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying. Recovery may be limited to the expenses incurred or the damages suffered as a result of the promisee’s reliance on the promise. |7ReIiance on a gratuitous promise made without required formalities is not reasonable.
Under this article, a promise becomes an enforceable obligation when it is made in a manner that induces the other party to rely on it to his detriment. La. Civ. Code art. 1967, comment (d).
We initially note that SPI did not plead detrimental reliance in its answer, nor has it asserted such a claim in a recon-ventional demand against H&E.[2] SPI merely argues on appeal that it reasonably *451 relied on H&E’s employee to provide SPI’s insurance agent with the necessary information to obtain insurance coverage for the crane. However, SPI’s purported reliance on H&E’s employee to finalize the insurance did not cause the damage to the crane. The damage was caused by an accident that occurred while SPI was using the crane during the lease. That damage, under the terms of the rental agreement, created SPI’s liability for the repair costs.
H&E was not obligated under the lease to obtain insurance for the crane. Any claim of detrimental reliance, which is based upon the purported promise of H&E’s employee to obtain the insurance, arises outside the context of the rental agreement and does not relieve SPI of its obligations under the agreement. While any such insurance, if procured, may have provided an additional source of payment for the repair costs, SPI nevertheless remains liable to H&E under the terms of the rental agreement for the cost to repair the damage that SPI caused to the crane. Regardless of whether the crane was insured or not insured, SPI is contractually liable for the repair costs.
| ^Furthermore, as previously recognized, SPI has not filed a claim against H&E. Unless and until such a claim has been judicially asserted and liquidated, it cannot be used as a credit or set-off against SPI’s liability to H&E under the rental agreement. Under Louisiana Civil Code article 1893, set-off or “compensation” takes place by operation of law “when two persons owe to each other sums of money or quantities of fungible things identical in kind, and these sums or quantities are liquidated and presently due.” A claim is liquidated when the debt is for an amount capable of ascertainment by mere calculation in accordance with accepted legal standards. American Bank v. Saxena, 553 So.2d 836, 844 (La. 1989). We express no opinion as to the merits of any detrimental reliance claim that SPI may have against H&E; we merely recognize that no such claim has been filed or liquidated. Therefore, any issues of fact concerning such a claim are not material to this proceeding and do not preclude the granting of summary judgment to H&E.
In its remaining assignments of error, SPI asserts that the trial court erred in holding that the rental agreement was an open account and in awarding attorney fees. While the trial court stated in its reasons for judgment that H&E alleged the defendants owed it money on an open account, the trial court did not expressly hold that the agreement constituted an open account. More importantly, we find that the classification of the transaction as an open account is not necessary to support the award of attorney fees. The rental agreement provides that SPI, as lessee, shall be liable for all costs and fees, including attorney fees, incurred by H&E in pursuit of any amounts due under the agreement. Attorney fees are recoverable when specifically authorized by a contract. See State, Department of Transportation and Development v. Wagner, 10-0050 (La. 5/28/10), 38 So.3d 240, 241; Terrebonne Parish Port Commission v. Eagle Dry Dock & Marine Repairs, L.L.C., 14-0010, 2015 WL 4094331 (La. App. 1 Cir. 7/7/15). Therefore, the trial court did not err in awarding attorney fees to H&E. These assignments of error have no merit.[3]
*452 In its brief filed with this court, H&E requested an award of additional attorney fees for work performed by its counsel on appeal. Louisiana Code Civil Procedure article 2133 requires an appel-lee to answer an appeal whenever it demands damages against the appellant. H&E did not file an answer to this appeal. Although it raised the issue in brief, the brief was not filed within fifteen days of the return day or lodging of the record, as required for an answer. See La. Civ. Code art. 2133A. Therefore, H&E is not entitled to an increase in attorney fees for defending this appeal. See Brown v. Harmony, L.L.C., 05-0747 (La.App. 1 Cir. 3/24/06), 934 So.2d 99, 101-02; Allstate Insurance Company v. Reid, 04-1620 (La.App. 1 Cir. 11/30/05), 934 So.2d 56, 64, writ denied, 06-2099 (La. 11/17/06), 942 So.2d 534.
CONCLUSION
The summary judgment in favor of H&E Equipment Services, Inc. is affirmed. All costs of this appeal are assessed to Sugar & Power International, LLC and Jorge H. Campos.
AFFIRMED.

. Louisiana Code of Civil Procedure article 966 was amended and reenacted by Acts 2015, No. 422, § 1, with an effective date of January 1, 2016. The amended version of Article 966 does not apply to any motion for summary judgment pending adjudication or appeal on the effective date of the Act. Because the present motion was pending on the effective date of the Act, we refer to the former version of the article in this case. See Acts 2015, No. 422, §§ 2 and 3.

. The record reflects that SPI filed a separate proceeding against numerous other parties, including employees of H&E and several insurance agencies and insurers. The record also reflects that SPI filed a motion seeking leave to file a supplemental and amending answer in this proceeding, but the trial court denied the motion. On appeal, SPI does not assign any error to the denial of that motion, or otherwise seek review or modification of that order.

. SPI and Campos also argue that the trial court erred in denying their motion to continue; however, because the appellants did not assign any error to the denial of the continuance, any potential issues related to that ruling are considered abandoned. See Uniform Rules—Courts of Appeal, Rules 1-3 and 2-12.4; Jones v. Black, 13-1889 (La.App. 1 Cir. 5/2/14), 145 So.3d 402, 417 n.3, writ denied, 14-1116 (La. 9/19/14), 148 So.3d 954.