STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2021 CA 1513

DEE WAYNE THURMAN

VERSUS

JESUS AGUILAR, EMPOWER INSURANCE GROUP, JESUS HERNANDEZ, PEAK
PROPERTY AND CASUALTY INSURANCE, MARY HEFLEBOWER AND ALLSTATE
INSURANCE COMPANY

Judgment Rendered: JUN 2 2 2022

* * * * * *

On Appeal from the Twenty-Second Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Docket No. 2020-15498

Honorable Ellen M. Creel, Judge Presiding

* * * * * *

Marcus J. Plaisance                    Counsel for Plaintiff/Appellant
Mark D. Plaisance                      Dee Wayne Thurman
Prairieville, Louisiana
and
Maurice D. Hall
Plaquemine, Louisiana


Rodney J. Lacoste, Jr.                 Counsel for Defendant/Appellee
Patrick R. Schmidt                     Peak Property and Casualty Insurance
New Orleans, Louisiana                 Corporation


* * * * * *

BEFORE: McCLENDON, WELCH, AND THERIOT, JJ.

**McCLENDON, J.**

The trial court found that plaintiff's fax filed petition did not have full force and effect, and therefore did not interrupt prescription, because the applicable fees were not delivered within seven days of the clerk of court's receipt of the fax filing as required by LSA-R.S. 13:850. Thus, the trial court sustained defendant's peremptory exception raising the objection of prescription and dismissed plaintiff's claims with prejudice. Plaintiff appeals. For the following reasons, we affirm in part and reverse in part.

## FACTUAL AND PROCEDURAL HISTORY

On December 21, 2020, Dee Wayne Thurman (plaintiff) fax filed a petition seeking damages for injuries allegedly sustained in a December 21, 2019 automobile accident. Named as defendants therein were Peak Property and Casualty Insurance Corporation (Peak), appellee herein; Peak's insured, Jesus Hernandez; Alinsco Insurance Company (Alinsco),[1] appellee in a companion appeal, bearing docket number 2021-CA-1514; and Alinsco's insured, Jesus Aguilar.[2]

On December 22, 2020, the clerk of court provided plaintiff with confirmation of receipt of the December 21, 2020 fax filing. The confirmation of receipt stated that fees in the amount of $850.00 were owed in connection with the fax filing and the filing of the original petition (the $850.00 fax filing fee). The confirmation of receipt also included the language of LSA-R.S. 13:850. Pursuant to LSA-R.S. 13:850, a party may fax file a pleading with the same force and effect as filing the original document if certain requirements are met, including delivery of the filing fees within seven days of the clerk's receipt of the fax filing. See LSA-R.S. 13:850(B). If the filing fees are not delivered within seven days, the fax filing has no force or effect. See LSA-R.S. 13:850(C). Plaintiff does not dispute that he did not submit payment of the $850.00 fax filing fee within seven days of the clerk of court's receipt of the fax filing.

---

[1] Alinsco was improperly named as Empower Insurance Group in plaintiff's original petition.

[2] Also named as defendants were Allstate Insurance Company (Allstate) and Allstate's insured, Marilyn Heflebower. However, Allstate and Ms. Heflebower are not parties to this appeal.

2

Subsequently, plaintiff electronically filed (e-filed) the petition on December 23, 2020. Plaintiff paid fees owed in connection with the e-filing in the amount of $7.20 (the $7.20 e-filing fee) by credit card the same day.

Presumably because the $850.00 fax filing fee was not paid timely, Peak was served with the December 23, 2020 e-filed petition, rather than the December 21, 2020 fax filed petition. In response to the December 23, 2020 e-filed petition, Peak filed a peremptory exception raising the objection of prescription. Peak argued that plaintiff's claims, which arose from the December 21, 2019 accident, were prescribed at the time the petition was e-filed on December 23, 2020.[3] Alinsco filed a peremptory exception of prescription that advanced the same argument. Though Peak and Alinsco's exceptions of prescription were initially set for hearing on June 3, 2021, the hearing was reset to July 14, 2021, pursuant to an unopposed motion to continue filed by plaintiff.

On July 6, 2021, plaintiff fax filed oppositions to Peak and Alinsco's exceptions of prescription.[4] Plaintiff argued that his claims were not prescribed because the December 21, 2020 fax filing timely instituted suit pursuant to LSA-R.S. 13:850. Plaintiff further maintained that the December 23, 2020 e-filing was not the petition that instituted his suit, as argued by Peak and Alinsco, but rather constituted timely delivery of the original petition as required by LSA-R.S. 13:850. In support of plaintiff's arguments, plaintiff offered the December 21, 2019 accident report; an undated and unfiled copy of plaintiff's petition for damages; the clerk of court's December 22, 2020 confirmation of receipt of the December 21, 2020 fax filing; and the December 23, 2020 e-filed copy of plaintiff's petition for damages.

On July 12, 2021, Peak and Alinsco each fax filed a reply brief.[5] Peak and Alinsco argued that because plaintiff did not pay the $850.00 fax filing fee within seven days as required by LSA-R.S. 13:850, the December 21, 2020 fax filing had no force or effect,

---

[3] Peak also maintained that the prescriptive period was not affected by the limited suspension/extension of legal deadlines enacted due to the Covid-19 pandemic. This issue is not in dispute.

[4] Plaintiff's original oppositions were filed on July 9, 2021.

[5] Peak's original reply brief was filed on July 19, 2021. Alinsco's original reply brief was filed the day of the hearing, July 14, 2021.

and the December 23, 2020 e-filing was barred by prescription.[6] In support of their arguments, Peak and Alinsco attached the clerk of court's "Case Summary," which reflected activity in the suit, as well as the clerk of court's financial records regarding the suit. The attached documents confirmed that plaintiff did not pay the $850.00 fax filing fee that was due in connection with the December 21, 2020 fax filing until March 2, 2021

On July 13, 2021, plaintiff filed a motion to strike the reply briefs, or in the alternative, to continue the hearing on the exceptions of prescription.[7] Plaintiff contended that Peak and Alinsco's reply briefs improperly raised substantive issues and arguments that exceeded the scope of the exceptions of prescription. Accordingly, plaintiff asserted that the trial court's consideration of the newly raised arguments would unfairly prejudice him, because he did not have sufficient time to meaningfully respond. Alternatively, plaintiff requested a continuance of the hearing set for July 14, 2021, to allow him time to conduct adequate discovery, such as interrogatories, requests for production of documents, and "the deposition of the St. Tammany Clerk of Court who at all times advised the filing of the original document under [LSA-R.S.] 13:850 was accomplished by plaintiff's counsel electronically filing said lawsuit."

On the same day, Peak and Alinsco fax filed a joint memorandum in opposition to plaintiff's motion to strike their reply briefs.[8] Peak and Alinsco argued that plaintiff's motion to strike was not authorized by the Code of Civil Procedure or the local rules, whereas their reply briefs were authorized by Louisiana District Court Rule 9.9(d). Peak and Alinsco further maintained that because plaintiff argued in his opposition that the December 21, 2020 petition was timely fax filed pursuant to LSA-R.S. 13:850, their reply briefs properly addressed whether the requirements of LSA-R.S. 13:850 were met, including payment of all fees. Peak and Alinsco also opposed plaintiff's request for a

---

[6] Alinsco's reply also asserted that the December 23, 2020 e-filing did not constitute delivery of the original petition as required by LSA-R.S. 13:850. However, the trial court found it unnecessary to consider this argument, and it is not before us on appeal.

[7] We note that plaintiff's petition was styled only as a "Motion to Strike." However, the caption of a pleading does not control. Rather, courts are obligated to look through the caption of pleadings in order to ascertain their substance. **Armstrong v. ARCCO Company Services, Inc.**, 2021-0131 (La.App. 1 Cir. 10/18/21), 331 So.3d 939, 945. Thus, based on the alternative request for a continuance in plaintiff's "Motion to Strike," we also consider it a motion to a continue.

[8] The original was filed on July 19, 2021.

4

continuance, arguing that the hearing had already been continued once at plaintiff's request and that no amount of time or discovery was needed to confirm that plaintiff did not comply with the requirements of LSA-R.S. 13:850. In support of their joint memorandum, Peak and Alinsco submitted emails dated from May 21 through June 3, 2021, wherein counsel for Peak, counsel for Alinsco, and counsel for plaintiff discussed the prior continuance and whether the $850.00 fax filing fee had been timely paid.

The trial court heard Peak and Alinsco's exceptions of prescription, together with plaintiff's motion to strike the reply briefs or to continue the hearing, on July 14, 2021. The trial court admitted into evidence the entire suit record and additional exhibits offered by plaintiff; denied plaintiff's motion to strike the reply briefs or to continue the hearing; and granted the exceptions of prescription. The trial court also ruled that the exceptions of prescription were granted as to Peak and Alinsco's insureds, even though neither insured had been served, made an appearance, or joined in the exceptions of prescription.

Subsequently, the trial court executed written judgments confirming its oral rulings in favor of Peak and Alinsco. Specifically, a July 29, 2021 written judgment sustained the exception raising the objection of prescription filed by Alinsco, dismissed plaintiff's claims against Alinsco and its insured Mr. Aguilar, and denied plaintiff's motion to strike Alinsco's reply brief or to continue the hearing. Likewise, an August 4, 2021 written judgment sustained the exception raising the objection of prescription filed by Peak, dismissed plaintiff's claims against Peak and its insured Mr. Hernandez, and denied plaintiff's motion to strike Peak's reply brief or to continue the hearing.

Plaintiff has appealed both the August 4, 2021 judgment in favor of Peak and Mr. Hernandez and the July 29, 2021 judgment in favor of Alinsco and Mr. Aguilar. At issue in this appeal is the August 4, 2021 judgment in favor of Peak and Mr. Hernandez,

bearing docket number 2021-CA-1513.[9] The July 29, 2021 judgment in favor of Alinsco and Mr. Aguilar is at issue in a companion appeal, bearing docket number 2021-CA-1514.[10]

## LSA-R.S. 13:850

Louisiana Revised Statutes 13:850 provides, in pertinent part:

B. Within seven days, exclusive of legal holidays, after the clerk of court receives the facsimile filing, all of the following shall be delivered to the clerk of court:

(1) The original document identical to the facsimile filing in number of pages and in content of each page including any attachments, exhibits, and orders. A document not identical to the facsimile filing or which includes pages not included in the facsimile filing shall not be considered the original document.

(2) The fees for the facsimile filing and filing of the original document stated on the confirmation of receipt, if any.

(3) A transmission fee of five dollars.

C. If the filing party fails to comply with any of the requirements of Subsection B of this Section, the facsimile filing shall have no force or effect. The various district courts may provide by court rule for other matters related to filings by facsimile transmission.

As set forth above, a party may fax file a pleading with the same force and effect as filing the original document, if the requirements of LSA-R.S. 13:850(B) are met. However, a filing is merely conditional once a fax of a document is transmitted, because a fax filed document is only vested with force and effect if each requirement of LSA-R.S. 13:850(B) is met. See **Hunter v. Morton's Seafood Rest. & Catering**, 2008-1667 (La. 3/17/09), 6 So.3d 152, 156, and **P&J Contracting of Louisiana, L.L.C. v. Department of Education, Recovery School District**, 2020-0674 (La.App. 1 Cir. 12/30/20), 318 So.3d 881, 885-86.

---

[9] In its brief filed with this court, Peak requested an award of additional attorney's fees for work performed by its counsel on appeal. However, Louisiana Code of Civil Procedure article 2133 requires an appellee to answer an appeal whenever it demands damages against the appellant, and Peak did not file an answer to this appeal. Therefore, Peak is not entitled to an award of attorney's fees for defending this appeal. See **H&E Equipment Services, Inc. v. Sugar & Power International, LLC**, 2016-1070 (La.App. 1 Cir. 2/17/17), 215 So.3d 446, 452. Additionally, in response to Peak's request for attorney's fees, plaintiff filed a "motion to dismiss untimely answer," which was referred to the merits. This motion is denied as moot.

[10] Plaintiff filed a motion to consolidate the two appeals, requesting that both appeals be assigned to one panel for purposes of oral argument and consideration. This Court granted the motion to consolidate on March 7, 2022. Plaintiff also filed a motion for leave to use the record lodged in 2021-CA-1513 in 2021-CA-1514, which this Court granted on March 9, 2022.

## DISCUSSION

Denial of Motion to Strike Reply Brief

Plaintiff's first assignment of error is that the trial court's refusal to strike Peak's reply brief constituted legal error. Plaintiff maintains that he was denied procedural due process because he was not afforded a meaningful opportunity to address substantive legal issues that were raised for the first time in Peak's reply brief.

Louisiana Code of Civil Procedure article 964 governs motions to strike. Article 964 provides:

> The court on motion of a party or on its own motion may at any time and after a hearing order stricken from any pleading any insufficient demand or defense or any redundant, immaterial, impertinent, or scandalous matter.

Whether a motion to strike should be granted pursuant to Article 964 rests in the sound discretion of the trial court and is reviewed under the abuse of discretion standard. **Cole v. Cole**, 2018-0523 (La.App. 1 Cir. 9/21/18), 264 So.3d 537, 544. Motions to strike are disfavored and infrequently granted. This is because striking a portion of a pleading is a drastic remedy, and because motions to strike are often sought by the movant simply as a dilatory tactic. However, a motion to strike is proper if it can be shown that the allegations being challenged are so unrelated to a plaintiff's claims as to be unworthy of any consideration and that their presence in the pleading would be prejudicial to the moving party. A motion to strike is a means of clearing up the pleadings, not a means of eliminating causes of action or substantive allegations. **Id**.

As set forth above, plaintiff requested that the trial court strike Peak's reply brief on the basis that it improperly exceeded the scope of the arguments raised in Peak's previously filed exception of prescription. More specifically, while Peak's exception contended that the December 23, 2020 e-filing was facially prescribed, Peak's exception did not address the December 21, 2020 fax filing or the failure to timely pay the $850.00 fax filing fee required by LSA-R.S. 13:850(B).

While plaintiff is correct that Peak's reply brief contained arguments not specifically set forth in its exception of prescription, we cannot say that the argument

7

regarding untimely payment of the $850.00 fax filing fee was so unrelated to the issue of prescription as to be unworthy of consideration. See **Cole**, 264 So.3d at 544. To the contrary, whether the $850.00 fax filing fee was timely paid is one of the factors that determines whether the December 21, 2020 fax filing has force and effect, and whether the December 21, 2020 fax filing has force and effect is determinative of the issue of prescription. Moreover, we cannot say that plaintiff was prejudiced by the argument regarding untimely payment of the $850.00 fax filing fee.[11] See **Cole**, 264 So.3d at 544. To the extent that plaintiff argues he was deprived of any meaningful opportunity to respond to the new arguments raised in Peak's reply brief, we point out that plaintiff's opposition to the exceptions of prescription asserted that the December 21, 2020 fax filing was effective because the subsequent e-filed petition complied with the LSA-R.S. 13:850(B) requirement of delivery of the original pleading. Thus, although delivery of the original pleading and delivery of the filing fees are separate requirements, plaintiff nonetheless explicitly raised the issue of whether the December 21, 2020 fax filing satisfied the requirements of LSA-R.S. 13:850(B) in his opposition before Peak filed its reply brief. Further, Peak submitted emails that demonstrated that counsel for plaintiff was aware of the argument regarding untimely payment of the $850.00 fax filing fee nearly two months before Peak raised the issue in its reply brief. This assignment of error lacks merit.

Denial of Motion to Continue

Plaintiff's second assignment of error is that, having denied plaintiff's motion to strike Peak's reply brief, the trial court's refusal of plaintiff's alternative request to continue constituted an abuse of discretion. Plaintiff maintains that he was denied an opportunity to obtain evidence material to his case and to properly respond to new substantive issues raised in Peak's reply brief. Plaintiff further argues that because Peak fax filed its reply brief and the original had not been received at the time of the July 14,

---

[11] We further note that Uniform Rules of District Courts Rule 9.9(d) requires only that a reply memorandum be "furnished to the trial judge and served on all other parties so that it is received before 4:00 p.m. on a day that allows one full working day before the hearing." Peak's reply brief was filed on July 12, 2021, and there is no argument made that the reply brief was not received before 4:00 p.m. Thus, it appears that Peak's reply brief complied with the requirements of Rule 9.9(d).

8

2021 hearing, the trial court should not have considered the reply brief. Finally, plaintiff argues that a continuance would not have harmed any party.

The trial court may grant a continuance on peremptory or discretionary grounds. LSA-C.C.P. arts. 1601 and 1602. There are only two peremptory grounds: (1) the party seeking the continuance, despite due diligence, has been unable to obtain material evidence; or (2) a material witness is absent without the contrivance of the party applying for the continuance. LSA-C.C.P. 1602. The moving party has the burden of showing that he met the requirements set forth in LSA-C.C.P. art. 1602. **Sullivan v. City of Baton Rouge**, 2014-0964 (La.App. 1 Cir. 1/27/15), 170 So.3d 186, 192. When the conditions of Article 1602 are met, the granting of a continuance is mandatory. The policy behind the mandatory continuance is to insure that a party is not deprived of his day in court or his right to properly present his defense when not due to his own fault or delinquency. **Id.**

Here, the initial hearing date set for Peak's exception of prescription was continued pursuant to plaintiff's unopposed motion to continue, which was filed on June 1, 2021. As set forth above, Peak submitted emails dated from May 21 through June 3, 2021, wherein counsel for Peak, counsel for Alinsco, and counsel for plaintiff discussed whether the $850.00 fax filing fee was timely paid. The record before us does not reflect that plaintiff offered any evidence demonstrating that he could not, despite due diligence, obtain material evidence in the six weeks between the emails and the July 14, 2021 hearing, and plaintiff does not attempt to argue that a material witness was absent. Thus, plaintiff did not satisfy his burden of proof to establish peremptory grounds for a continuance.

Absent peremptory grounds, a continuance rests within the sound discretion of the trial court. **City of Bogalusa v. Moses**, 2020-0165 (La.App. 1 Cir. 4/16/21), 323 So.3d 404, 407. Louisiana Code of Civil Procedure article 1601 provides for a continuance "if there is good ground therefor." The trial court must consider the particular facts of a case when deciding whether to grant or deny a continuance. The trial court has great discretion in granting or denying a continuance under Article 1601, and its ruling should not be disturbed on appeal in the absence of a clear abuse of

9

discretion. **City of Bogalusa**, 323 So.3d at 407. Having thoroughly considered the record before us, we cannot say that the trial court abused its great discretion in denying plaintiff's motion to continue. This assignment of error lacks merit.

Grant of the Exception of Prescription

Plaintiff's third assignment of error is that the trial court erred in granting the exception of prescription. While plaintiff acknowledges that arguments of counsel are not evidence, he maintains that his counsel's arguments during the July 14, 2021 hearing demonstrate a good faith attempt to comply with LSA-R.S. 13:850. Plaintiff asserts that his counsel believed the clerk of court would collect any fees owed through a credit card put on file at the time of the December 23, 2020 e-filing, because putting the credit card on file effectively constituted a "blank check." Plaintiff further contends that given more time to conduct discovery, he could provide evidence which would support his counsel's arguments, such as evidence regarding the trial court's rules, the clerk of court's procedures, and the intake and filing of this case in particular.

Plaintiff's tort suit is subject to the one-year liberative prescription for delictual actions, which commences to run from the day injury or damage is sustained. LSA-C.C. art. 3492. The accident giving rise to plaintiff's suit occurred on December 21, 2019. Therefore, the issue of whether plaintiff's December 21, 2020 fax filing has full force and effect pursuant to LSA-R.S. 13:850(B) is determinative of the exception of prescription: if the December 21, 2020 fax filing has full force and effect, plaintiff's claims were filed timely; however, if the December 21, 2020 fax filing is not given full force and effect, then only the purported original pleading delivered to the clerk of court's office – in this case, the December 23, 2020 e-filing – has full force and effect, and plaintiff's claims were prescribed at the time suit was instituted. See **P&J Contracting of Louisiana, L.L.C.**, 318 So.3d at 886.

Generally, the party pleading prescription bears the burden of proving that the claim has prescribed. However, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show that the action has not prescribed. **Campo v. Correa**, 2001-2707 (La. 6/21/02), 828 So.2d 502, 508. Plaintiff argues that Peak bore the burden of proof on the exception because Peak was the exceptor and because the

10

December 21, 2020 fax filing was not facially prescribed. While plaintiff is correct that the December 21, 2020 fax filing was not prescribed on its face, the December 23, 2020 e-filing, which was the subject of the exception of prescription, was facially prescribed. Further, within the context of LSA-R.S. 13:850, the Louisiana Supreme Court has stated:

> The date when an original document and fees have been forwarded to the Clerk's Office is a fact to be proved by the sender. The sender must establish, by a preponderance of the evidence, that the original document and required fees have been forwarded to the Clerk's Office in the time set forth in the statute.

**Hunter**, 6 So.3d at 156.[12] Thus, plaintiff bore the burden of proving, by a preponderance of the evidence, that the action had not prescribed.

Appellate review of a judgment ruling on an exception of prescription depends on the manner in which the exception is heard. **Alliance Hospitality, L.L.C. v. Esquivel**, 2020-0807 (La.App. 1 Cir. 2/24/21), 322 So.3d 253, 255. When evidence is introduced at the hearing on a peremptory exception of prescription, the trial court's findings of fact are subject to the manifest error-clearly wrong standard of review. See **Newton v. St. Tammany Fire District No. 12**, 2020-0797 (La.App. 1 Cir. 2/19/21), 318 So.3d 206, 210. Under this standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the trial court's conclusion was a reasonable one. If the trial court's findings are reasonable in light of the record reviewed in its entirety, the appellate court may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.[13] **Clifford v. OLOL Regional Medical Center**, 2018-1483 (La.App. 1 Cir. 5/31/19), 277 So.3d 1210, 1213. In this matter, evidence was introduced at the July

---

[12] We note that after the Supreme Court's decision in **Hunter**, LSA-R.S. 13:850 was amended by Acts 2016, No. 109, § 1, effective August 1, 2016. However, the amendments did not result in any substantive changes that could be construed to affect the **Hunter** Court's statement regarding the burden of proof. Further, subsequent to the effective date of the amendments, this Court and the Third Circuit have both cited **Hunter** on this point. See **Nationstar Mortgage, LLC v. Welborn**, 2018-1734 (La.App. 1 Cir. 4/5/19), 2019 WL 1546857 at *1 (unpublished) ("Relators failed to carry their burden of proving that the notice of intent to apply for supervisory writ sent to the trial court by facsimile transmission on Monday, October 8, 2018 meets the requirements of [LSA-R.S.] 13:850,") citing **Hunter**; see also **Bize v. Larvadain**, 2018-394 (La.App. 3 Cir. 12/28/18), 263 So.3d 584, 604, writ denied, 2019-0419 (La. 5/6/19), 270 So.3d 577.

[13] However, where the issue of prescription turns upon the proper application and interpretation of statutory law, the exception presents a question of law subject to the *de novo* standard of review. Under the *de novo* standard of review, judgment is rendered on the record, without deference to the legal conclusions of the tribunal below. **Newton**, 318 So.3d at 210.

11

14, 2021 hearing. Consequently, our review of the trial court's judgment granting Peak's exception of prescription is subject to the manifest error standard of review. With these principles in mind, we consider the record before us.

The transcript of the July 14, 2021 hearing reflects that plaintiff's counsel asserted that he contacted the clerk of court regarding the December 23, 2020 e-filing, because e-filing was relatively new and he wanted "to find out exactly what we needed to do." Plaintiff's counsel explained that it was his understanding, based on his phone call with the clerk of court's office, that placing a credit card on file in connection with the December 23, 2020 e-filing was sufficient to complete payment of the fees associated with both the December 21, 2020 fax filing and the December 23, 2020 e-filing. Thus, he placed a credit card "on file for any fees that were due," and "[t]hey charged the card[,] and they said we'll get back with you and let you know whatever the costs are." He maintained that "[i]n no way were we under the assumption that what we were doing was not right." In support of these contentions, plaintiff offered a document that reflected that a petition for damages was submitted for e-filing on December 23, 2020, at 12:09 p.m., and was accepted on December 28, 2020 at 12:32 p.m. The same document reflected payment of $7.20 for "E-File Fees" and "Payment Service Fees." Plaintiff additionally offered a series of emails from the clerk of court to plaintiff's counsel, dated January 27, 2021, January 29, 2021, and February 10, 2021. The emails reflected both that the clerk of court received the December 21, 2020 fax filing, and that the associated fees had not been paid as of February 10, 2021.[14]

---

[14] A January 27, 2021 email from a Finance Deputy Clerk of the St. Tammany Parish Clerk of Court's Office to plaintiff's counsel stated:

> I have a Petition's (sic) that were faxed filed (sic) on 12/21/2020 and e-filed 12/23/2020 to be served by East Baton Rouge Parish through the Secretary of State for case #2020-15498. The services were not paid for through e-filing, and there is no money in the trust account. In order for this to be served[,] the St. Tammany Parish Clerk of [C]ourt will need the funds deposited for this case in the amount of $850.00. Please call 985-809-8733 and reference the case number and the party to pay by credit card. If you have any questions please let me know.

A second email dated January 29, 2021, read in pertinent part, "[P]lease see the e-mail below in reference to cost for case 2020-15498." A third email, dated February 10, 2021, read in pertinent part, "Just letting you know we have not received any money to pay for the services for three Petition's (sic) though (sic) East Baton Rouge Parish. Please let us know if you still want these services to be served."

Plaintiff's counsel stated that he was diagnosed with Covid-19 on January 20, 2021, and was out of his office when the initial emails were sent.[15]

Following arguments, the trial court questioned plaintiff's counsel briefly. The following colloquy occurred:

THE COURT:

Is there any indication that you did not receive the fax confirmation?

[PLAINTIFF'S COUNSEL]:

No, ma'am.

THE COURT:

So you received the fax confirmation[?]

[PLAINTIFF'S COUNSEL]:

Yes, ma'am.

THE COURT:

Where they tell you they've gotten it, send the amount due of $850[.00], and [they] provid[ed] a copy of [LSA-R.S. 13:850]; you received that?

[PLAINTIFF'S COUNSEL]:

Yes, ma'am.

THE COURT:

Do you have any proof that you paid $850[.00] within that seven-day period?

[PLAINTIFF'S COUNSEL]:

No, Your Honor.

THE COURT:

So the only proof of payment that I have would be the [December 28, 2020] fee for $7.20?

[PLAINTIFF'S COUNSEL]:

Your Honor, we paid it on [December 23, 2020], it just wasn't accepted until [December 28, 2020].

THE COURT:

And what you paid was $7.20; is that correct?

---

[15] The trial court noted that the issue of the credit card was not mentioned in plaintiff's pleadings filed prior to the hearing.

[PLAINTIFF'S COUNSEL]:

Yes, what they asked us to pay.

The trial court found that plaintiff failed to deliver the $850.00 fax filing fee within seven days of the December 21, 2020 fax filing and therefore failed to comply with the requirements of LSA-R.S. 13:850(B), rendering the December 21, 2020 fax filing without force and effect. Accordingly, the trial court granted the exceptions of prescription.

On appeal, plaintiff contends that the trial court placed an insurmountable onus on plaintiff by expecting him to overcome newly raised substantive legal arguments and new exhibits filed two days before the July 14, 2021 hearing. Plaintiff argues that this constituted error because he attempted to timely file his petition using a fully authorized method prior to the end of the prescriptive period. In support of plaintiff's arguments, he relies on the Supreme Court's decision in **Stevenson v. Progressive Security Insurance Company**, 2019-00637 (La. 4/3/20), ___ So.3d ___, ___, 2020 WL 1671565, and this Court's decision in **Worm v. Berry Barn, LLC**, 2020-1086 (La.App. 1 Cir. 10/21/21), 332 So.3d 86.

In **Stevenson**, the plaintiff's attempt to fax file failed because the clerk of court had turned its fax machine off at 4:30 p.m., the end of its business day. The Supreme Court wrote:

> It is a plaintiff's attempt to fax file with the clerk prior to the midnight prescription deadline that is relevant. As in [**Lloyd v. Monroe Transit Auth. ex rel. City of Monroe**, 50,292 (La.App. 2 Cir. 1/13/16), 185 So.3d 866, 870, writ denied, 2016-0277 (La. 4/8/16), 191 So.3d 585], we decline to put the onus on plaintiffs to find another method of filing the petition when fax filing is a fully authorized method and counsel attempted to use that method before the prescriptive period ended.

**Stevenson**, ___ So.3d at ___, 2020 WL 1671565 at *6.

In **Worm**, the plaintiff's fax filed petition and the original petition were not identical. Specifically, the top portions of the first and second pages as well as the bottom portion of the second page were "cut off" in the fax filed petition, thereby eliminating some of the substance of plaintiff's allegations. **Worm**, 332 So.3d at 87. This Court agreed with the trial court's reasoning that "the apparent error in receipt and printing of plaintiff's fax filed petition by the [c]lerk of [c]ourt was attributable to

14

'machine error and was not to be something within the power of the plaintiff to prevent.'" **Worm**, 332 So.3d at 90. Relying on **Stevenson**, this Court wrote:

> Recognizing that prescriptive statutes are to be strictly construed against prescription and in favor of the obligation sought to be extinguished . . . we decline to put the onus on the plaintiff where fax filing is a fully authorized method, and the uncontroverted evidence presented at the hearing on the defendants' exception was that plaintiff's counsel properly and timely used the fax filing method before the prescriptive period ended. See **Stevenson**, —— So. 3d at ——, 2020 WL 1671565, at *6. Based on the facts of this case, we find that plaintiff's fax filed petition was sufficient to interrupt prescription. Thus, the trial court erred in sustaining defendants' objection of prescription.

**Worm**, 332 So.3d at 90.

Having considered **Stevenson** and **Worm**, we find these cases to be distinguishable from the instant matter. Both **Stevenson** and **Worm** consider instances when the plaintiff was prevented from timely fax filing a petition by circumstances out of the plaintiff's control. In contrast, this case concerns a plaintiff's failure to timely deliver filing fees, where the plaintiff was not prevented from delivering the filing fees by circumstances outside of his control. We find the case before us more analogous to **Petit-Blanc v. Charles**, 2021-00094 (La. 4/20/21), 313 So.3d 1245 (*per curiam*).

In **Petit-Blanc**, the plaintiff fax filed her petition on November 13, 2019, and placed her original petition and filing fees in the mail on November 14, 2019. The clerk of court did not receive the original petition and filing fees until November 25, 2019, outside the seven day deadline. **Petit-Blanc**, 313 So.3d at 1246. Considering the facts of the case in light of the recently amended language of LSA-R.S. 13:580, the Supreme Court wrote:

> As originally enacted [LSA-R.S.] 13:850(B) required that the party filing the document "shall forward" the original document and fees to the clerk within seven days of the facsimile transmission. In **Hunter v. Morton's Seafood Rest. & Catering**, [20]08-1667 (La. 3/17/09), 6 So.3d 152, 156, we interpreted the term "forward" to mean the litigant must only send or transmit the document to the clerk, explaining "[t]he definition of this term does not include the concept of 'delivery' or 'receipt.'"

> In 2016, the legislature amended [LSA-R.S.] 13:850(B) by Acts 2016, No. 109, eff. August 1, 2016. As currently drafted, the statute provides the party shall "deliver" the original document to the clerk within seven days of the facsimile transmission. Black's Law Dictionary (6th Ed. 1990) defines "delivery" as "[t]he act by which the res or substance thereof is placed within the actual or constructive possession or control of

15

another." Citing this definition, the court of appeal in **Clark v. Wal-Mart Stores, Inc.,** [20]18-0052 ([La.App.] 5 Cir. 10/31/18), 259 So.3d 516, held a petition was "delivered" to the clerk of court when a clerk's office employee signed a green card for plaintiff's certified mail.

In the present case, plaintiff asserts she sent her original document to the clerk's office sometime prior to the November 22, 2019 [deadline], but she cannot establish the petition was placed in the actual or constructive possession of the clerk's office at any time prior to November 25, 2019. Considering the 2016 amendment to the statute, we must conclude merely transmitting an original document within the deadline is insufficient; rather, the litigant must establish the document was delivered to the clerk within the deadline. Plaintiff has not done so here.

**Petit-Blanc,** 313 So.3d at 1246-47. Thus, because the plaintiff failed to establish timely delivery and compliance with the procedures set forth in LSA-R.S. 13:850(B), the Supreme Court found that her fax filing was without force and effect pursuant to LSA-R.S. 13:850(C), and could not serve to interrupt the prescriptive period.

As set forth above, the plaintiff in **Stevenson** could not prevent the clerk of court from turning its fax machine off at the close of its business day, and the plaintiff in **Worm** could not prevent the machine error that cut off portions of his petition. In both cases, the plaintiff attempted to transmit the initial fax filing as provided for in LSA-R.S. 13:850(A), but was prevented from doing so by an obstacle completely out of the plaintiff's control, or "something [not] within the power of the plaintiff to prevent." See **Worm,** 332 So.3d at 90. This is significantly distinguishable from the present matter and **Petit-Blanc,** wherein the plaintiff initiated an attempt to timely comply with the delivery requirements of LSA-R.S. 13:850(B), but failed to do so. In **Petit-Blanc,** the plaintiff mailed her original petition and filing fees, which did not guarantee timely delivery and receipt. Similarly, in this matter, plaintiff placed a credit card on file, which he argued allowed for amounts to be charged to the credit card; however, plaintiff did not specifically direct the clerk of court to charge the $850.00 fax filing fee to the credit card within the seven days allowed by statute, nor did he confirm that the $850.00 fax filing fee had been charged to the credit card within the applicable time delays. Although **Petit-Blanc** is factually distinguishable from the matter before us, both instances involve a failure to establish compliance with the delivery requirements of LSA-R.S. 13:850(B). Thus, we find the **Petit-Blanc** analysis to be instructive, and conclude that the December 21, 2020 fax filing was without force and effect and did not

interrupt prescription. Because the record before us provides support for the trial court's finding, we cannot say that the trial court's findings lacked a reasonable basis, and we are precluded from reversing the trial court's judgment. See **Clifford**, 277 So.3d at 1213. This assignment of error lacks merit.

Grant of the Exception of Prescription as to Mr. Hernandez

Plaintiff's fourth assignment of error is that the trial court erred in granting the exception of prescription as to Mr. Hernandez, who had not made an appearance in the case, pled the exception, or requested relief. We agree.

Proper citation is the foundation of all actions and actual knowledge of the existence of an action is no substitute for proper service of citation. **Sam v. Feast**, 2000-1163 (La.App. 1 Cir. 3/28/01), 802 So.2d 680, 683. Without valid citation and service of process, the court does not have jurisdiction over the person of the defendant. **Id.** Further, without citation and service, all proceedings are an absolute nullity. LSA-C.C.P. art. 1201(A); **New Orleans & Baton Rouge Steamship Pilots Association v. Wartenburg**, 2020-0193 (La.App. 1 Cir. 11/12/20), 316 So.3d 39, 42. When the appellate court notices an absolute nullity, the court is empowered to vacate or correct the judgment on its own motion. **New Orleans & Baton Rouge Steamship Pilots Association**, 316 So.3d at 42. However, a defendant may expressly waive citation and service thereof by any written waiver made part of the record. LSA-C.C.P. art. 1201(B). Additionally, although the waiver through a general appearance has been eliminated from our law by the repeal of LSA-C.C.P. art. 7, a party can nevertheless waive an objection to the jurisdiction by an appearance of record. **Sam**, 802 So.2d at 683. Appearance of record includes filing a pleading, appearing at a hearing, or formally enrolling as counsel of record. See LSA-C.C.P. art. 1671, Comment--1997.

During the July 14, 2021 hearing, after the trial court indicated that Peak and Alinsco's exceptions of prescription would be granted, counsel for Alinsco requested that the judgment of prescription "include the entire case." More specifically, counsel for Alinsco explained that the exception of prescription had been brought only on behalf of Alinsco because Alinsco's insured had not been served and had not made an

17

appearance in the suit; however, "because if it's prescribed to one it's prescribed to all," Alinsco requested that the judgment sustaining the objection of prescription extend to Alinsco's insured as well as to Alinsco.[16] The trial court stated, "[a]ny defendant that you represent or that you're contractually obligated to represent through a contract of insurance, the Exception of Prescription will be sustained." Counsel for Peak then joined in Alinsco's request, and asked that the judgment sustaining the objection of prescription extend to Peak's insured, who also had not been served and had not made an appearance in the suit. The trial court replied, "I understood that you were arguing on behalf of everyone that you represented or that you're contractually obligated to represent on your exception."

It is undisputed that Mr. Hernandez was never cited and served; nor did he make an appearance of record, or expressly waive citation and service by a written waiver made part of the record. Thus, the trial court erred in granting the exception of prescription in favor of Mr. Hernandez. Further, the plea of prescription must be specifically pleaded and may not be supplied by the court. LSA-C.C.P. art. 927(B); **Bailey v. Loewe**, 2019-1201 (La.App. 1 Cir. 7/23/20), 309 So.3d 355, 360, writ denied, 2020-01146 (La. 11/18/20), 304 So.3d 418. Mr. Hernandez did not specifically plead prescription, and the trial court was expressly precluded from supplying the plea for him. Accordingly, we vacate that portion of the judgment granting the exception of prescription in favor of Mr. Hernandez. See **Wills v. National Automotive Insurance**, 41,034 (La.App. 2 Cir. 4/12/06), 926 So.2d 771, 774 (vacating judgment in concursus proceeding that awarded settlement funds to several entities who were never cited and served).

## CONCLUSION

For the foregoing reasons, the portion of the trial court's August 4, 2021 judgment denying the motion to strike, or in the alternative, to continue, is affirmed. The portion of the judgment granting the exception of prescription filed by Peak Property and Casualty Insurance and dismissing Mr. Thurman's claims against Peak with

---

[16] Counsel for Alinsco initially requested that Allstate also be included in the judgment granting the exception of prescription, but the trial court rejected the request.

prejudice is affirmed. The portion of the judgment granting the exception of prescription as to Jesus Hernandez and dismissing Mr. Thurman's claims against Mr. Hernandez with prejudice is reversed. Costs of this appeal are assessed equally between Peak and Mr. Thurman.

**AFFIRMED IN PART AND REVERSED IN PART.**